### BROWN ET AL. v. TEMPLETON COAL COMPANY.

[No. 11,499.    Filed January 24, 1923.]

1.    HUSBAND AND WIFE.—*Domicil.*—*Right of Husband to Select.* —Although the husband, within certain limitations, has the right to choose the family domicil, in so doing he may not disregard his wife's welfare and his own marital obligations toward her, and he cannot require her to accompany him to a new domicil if to do so would imperil her health or safety. p. 247.

2.    HUSBAND AND WIFE.—*Duty of Husband to Support Wife.*— *Abandonment of Husband by Wife.*—Although marriage imposes upon the husband the general duty of supporting his wife, a husband cannot be compelled to support his wife where she voluntarily, and without justification, lives apart from him. p. 247.

3.    MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Dependents.*—*Wife Living Apart from Husband.*—A surviving widow to whom the husband has furnished no support for two years prior to his death, and who resided in a foreign country and refused to live with him in his new domicil in this state is not entitled to compensation as a dependent under §8020v Burns' Supp. 1921, Acts 1919 p. 158, the laws of the state in such a case imposing upon the husband no obligation to support the wife.    p. 247.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Margaret Brown and another against the Templeton Coal Company.    From an order denying an award of compensation, the applicants appeal.    *Affirmed.*

*Charles D. Hunt*, for appellant.

*Will H. Hays, Hinkle C. Hays, Alonzo C. Owens, W. Paul Stratton, John S. Taylor* and *George W. Buff*, for appellee.

REMY, P. J.—Appellants filed with the Industrial Board an application for the adjustment of their claim for compensation, alleging, among other things, that on a certain day, one William Brown, the husband of appellant Margaret Brown, and the father of appellant William Brown, Jr., lost his life as the proximate result of personal injuries sustained by reason of an accident arising out of and in the course of his employment by appellee. The Board found that appellants were not dependents of the deceased at the time of his death, and ordered that they take nothing.

The facts shown by the evidence, which are material in determining the question presented, are as follows: The deceased married appellant Margaret Brown, January 2, 1894, in Scotland, in which country they lived together as husband and wife until December 25, 1904, at which time the deceased came to America, and located in, and became a resident of, the State of Indiana, where he resided until his death on November 16, 1920. From the time of their marriage until deceased came to America, the deceased and appellant Margaret Brown lived together as husband and wife; and as the fruits of the marriage four children were born, the youngest of which is appellant William Brown, Jr., who at the time of the death of his father was eighteen years of age. Appellant Margaret Brown and the children remained in Scotland, where they continued to live until the time of decedent's death, and where they now reside. From the time he arrived in America, and until March, 1918, deceased made semi-monthly remittances of money to his family; after which date, and until his death, he made no remittances whatever. After leaving Scotland,

decedent from time to time importuned his wife to come to his home which he had established in Indiana, and live with him as his wife, which she refused to do, but elected to live apart from him, and near her relatives in Scotland.

In their brief, appellants concede that, under the evidence, the Industrial Board rightly found against appellant William Brown, Jr.

The one question for our determination is whether or not, under the facts as shown by the evidence, appellant Margaret Brown, hereinafter referred to as the appellant, was, at the time of decedent's death, a dependent of decedent, within the meaning of §37 of the Workmen's Compensation Act (Acts 1919 p. 158, §8020u1 Burns' Supp. 1921), which provides that, when death results to an employe within three hundred weeks from the time of his injury, certain compensation shall be paid to his "dependents." It is not claimed by appellant that she was actually dependent upon the deceased employe at the time of his death. On the contrary, it is conceded that he had contributed nothing towards her support for more than two years. The contention is that she is entitled to compensation as one "presumed" to be a dependent within the meaning of §38 of the Workmen's Compensation Act (Acts 1919 p. 158, §8020v1 Burns' Supp. 1921), which provides that a wife "is conclusively presumed to be wholly dependent for support" upon her husband with whom she is living at the time of his death, or "upon whom the laws of the state impose the obligation of her support at such time." The question then narrows to this: Did the laws of the state, at the time of the death of William Brown, and under the facts established by the evidence, impose upon him the obligation to support his wife?

It is fundamental that marriage imposes upon the husband the general duty of supporting his wife. This

being true the husband, within certain limita-
1-3. tions, has the right to choose the family domicil.
However, the husband in the exercise of his au-
thority to select the domicil must not lose sight of his
wife's welfare and his own marital obligations toward
her.  Of course, a husband could not require his wife
to accompany him to a new domicil if to do so would
imperil her health or safety.  *Winkles* v. *Powell* (1911),
173 Ala. 46, 55 So. 536; *Monohan* v. *Auman* (1909), 39
Penn. Sup. Ct. 150; *Isaacs* v. *Isaacs* (1904), 71 Nebr.
537, 99 N. W. 268; *Purnell* v. *Purnell* (1908), (N. J.
Err. & App.) 70 Atl. 187; *Franklin* v. *Franklin* (1905),
190 Mass. 349, 77 N. E. 48, 4 L. R. A. (N. S.) 145, 5
Am. & Eng. Ann. C. 851; *Kennedy* v. *Kennedy* (1877),
87 Ill. 250.  There is nothing in the evidence to show
that the American domicil established by William Brown
was unsuitable for his wife, nor is it shown that her
health, safety, or personal welfare would in any way
have been imperiled by emigrating to America, and liv-
ing with her husband in his new home.  It is a well-
settled rule that a wife who voluntarily, and without
justification, lives apart from her husband cannot com-
pel him to support her.  We hold that under the facts
of this case the laws of Indiana did not, at the time of
the death of William Brown, impose upon him the ob-
ligation to support appellant.

The award is affirmed.