## INLAND STEEL COMPANY *v.* NAN ET AL.

[No. 12,276. Filed November 25, 1925.]

MASTER AND SERVANT.—*Evidence held insufficient to show widow's dependency on deceased husband within the provisions of Workmen's Compensation Act.*—Evidence held insufficient to show that claimant was dependent on her husband at the time of his death from an injury received while employed by the defendant so as to come within the provisions of the Workmen's Compensation Act.

From Industrial Board of Indiana.

Application under the Workmen's Compensation Act by Paulina Nan and Ann Nan against the Inland Steel Company for compensation for the death of Jacob Nan. From an award in favor of Pauline Nan, wife of the deceased employee, the defendant appeals. *Reversed.* By the court in banc.

*William J. McAleer, Francis J. Dorsey, Gerald A. Gillett* and *Perry R. Chapin,* for appellant.

NICHOLS, P. J.—Appellees, by John Pora, trustee, brought this action before the Industrial Board as dependents, praying an award of compensation under the Workmen's Compensation Law alleging that on July 24, 1923, Jacob Nan, husband of Paulina Nan and father of Ann Nan, died as the proximate result of personal injuries received by him by reason of an accident arising out of and in the course of his employment by appellant. The Industrial Board made its award, in which it awarded to appellee Paulina compensation at the rate of $13.20 per week, beginning on July 24, 1923, during the period of her dependency, not to exceed 300 weeks, further ordering that appellee Ann take nothing. From this award, appellant prayed an appeal, to this court.

At the trial and in oral argument, it was stipulated by the parties that the only question to be determined was as to the dependency of appellee Paulina Nan. The undisputed evidence shows that said appellee left for Europe in April, 1923, and at the time of the death of her husband, she was living separate and apart from him. In her application for compensation, she gives her residence as Roumania. Whether she intended to return to her husband or whether the separation was final does not appear. It does not appear by competent evidence that appellee had not remarried. The only evidence that she was in any way dependent upon her hus-

band for support was by said John Pora to the effect that he had forwarded money from the husband to appellee. When or how much does not appear. Such evidence is wholly insufficient for the purpose for which offered.

The award is reversed, with instruction to the Industrial Board to hear further evidence as to the dependency of appellee upon her husband for support, and to make award accordingly.