ANNA WAWRINCHAK, ETC. *v*. U. S. STEEL CORP., GARY WORKS.

[No. 670A97. Filed March 16, 1971.]

*James J. Nagy, Lucas, Clifford and Wildermuth,* of Gary, for appellants.

*Douglas F. Stevenson, Hackbert, Rooks, Pitts, Fullager & Poust,* of Chicago, Illinois, for appellee.

STATON, J.—This is an appeal from an award of the Full Industrial Board which dismisses the claim of the appellant. Four (4) errors are urged by the appellant. The first error and the second error shall be treated together since both deal with the concept of dependency. Appellant's error one (1) and two (2) are as follows:

"1)   That the findings of fact by the Full Industrial Board that the appellant, plaintiff below, failed to show any dependency, is in error in that the Full Industrial Board failed to find facts sufficient to support its award."

"2)   That the findings of the Full Industrial Board is in error in that it failed to make any findings of fact as to whether or not the appellant, plaintiff below, was the widow of the deceased, or whether or not the appellant, plaintiff below, was legally entitled to support from the deceased employe."

Both errors urged above by the appellant are without merit. No evidence of dependency was offered. Appellant did establish that she was married to the deceased in 1924, but this does not standing alone establish dependency. The petitioner did not testify nor was her deposition taken. Petitioner's affidavit which was executed by her in Russia discloses that over thirty-eight (38) years ago the deceased left Russia to seek employment in the United States. During that thirty-eight (38) years, the deceased sent only one (1) post card and a picture to the petitioner. This occurred in 1957 which was approximately eight (8) years before his death. There is evidence that the deceased made a trip to Europe in 1946 but did not contact or attempt to visit the petitioner, his wife. There appears to have been no attempt on the part of the petitioner: to establish payments of money to her by deceased; to establish regular correspondence with the deceased; to establish why there was such a long period of separation and silence; to establish any intent on her part to rejoin her husband in the United States; to establish that she was free from any fault for the long period of separation and living apart as well as many other simple facts which all tend to establish dependency under the law. The question before this court in *Brown* v. *Templeton Coal Co.* (1923), 79 Ind. App. 244, 137 N. E. 724, was whether "laws of the state, at the time of death of William Brown, and under the facts established by the evidence, impose upon him the obligation to support his wife?" The evidence in *Brown, supra,* is much more compelling than the cause now under consideration. In *Brown, supra,* the deceased had sent semi-monthly payments to his wife in Scotland from 1904 to 1918. He sent no payments from 1918 until the date of his death, November 16, 1920. He had requested that his wife come and live with him in Indiana, but she refused. This court held in *Brown, supra,* that: "It is a well-settled rule that a wife who voluntarily, and without justification, lives apart from her husband cannot compel him to support her. We hold that under the

facts of this case the laws of Indiana did not, at the time of the death of William Brown, impose upon him the obligation to support appellant."

While discussing the evidence in *Jelicic* v. *Vermillion Coal Co.* (1924), 81 Ind. App. 675, 680, 144 N. E. 38, this court observed that ". . . no fact is found which explains the conduct of the appellant in living apart from her husband for more than seven years prior to his death. In face of the burden resting on her to establish her right to receive compensation, we may not assume that her conduct in that regard was attributable to the fault of her husband, and thereby conclude that he was under a legal obligation to support appellant by virtue of the laws of this state, notwithstanding her absence in a foreign land for more than seven years. This is in accord with the well-established rule that a party claiming a right conferred by statute must bring himself wholly and clearly within its provisions before he can enforce it." (Court citing *Stafford* v. *St. John* (1905), 164 Ind. 277, 73 N. E. 596; *Board of Com'rs., etc.,* v. *Jarnecke* (1905), 164 Ind. 658, 74 N. E. 520; *Woodward* v. *State* (1910), 174 Ind. 743, 93 N. E. 169.)

Again this court in *Inland Steel Co.* v. *Nan* (1925), 83 Ind. App. 673, 149 N. E. 576, stated: "The undisputed evidence shows that said appellee left for Europe in April, 1923, and at the time of the death of her husband, she was living separate and apart from him. In her application for compensation, she gives her residence as Roumania. Whether she intended to return to her husband or whether the separation was final does not appear. It does not appear by competent evidence that appellee had not remarried. The only evidence that she was in any way dependent upon her husband for support was by said John Pora to the effect that he forwarded money to the appellee. When or how much does not appear. Such evidence is wholly insufficient for the purpose for which offered."

The evidence submitted by the petitioner is insufficient to

establish the basis of an inference for a showing of dependency.

The appellant's error no. three (3) urges:

"That the Full Board erred in dismissing the Form No. 10 application of the appellant, plaintiff-below, on the grounds that her application was filed on April 3, 1969, and the deceased died on the 17th day of January, 1965, for the reason that a Form No. 10 application had been filed on the 30th day of December, 1965, wherein the appellant, plaintiff-below was named and joined as a party, thereby tolling the statute of limitations."

The record shows that John Wawrinchak died on January 17, 1965. While in the course of his employment, he was cleaning pipes and heating them with a torch which set his clothes on fire and caused his death. He suffered burns over his entire body. Anna Wawrinchak, by her legal guardian, Florence Schulze, filed her Form 10 with the Industrial Board of Indiana on December 30, 1965. At paragraph 3 of the Form 10, the following is found:

"3. Names and addresses of all other parties, if any, to this application, and the reason why such parties are joined. (The foregoing is printed on the Form 10 and the following was inserted by the applicant:) A woman claims to be the widow of the deceased. This woman now resides in Russia and her address is unknown but she is represented by Burton D. Wechsler, 504 Broadway, Gary, Indiana."

No appearance or pleading of any nature was ever filed by the interested party referred to in paragraph 3 or by her attorney. The record discloses that the attorney for Anna Wawrinchak is also the attorney for Fevronia Wawrinchak. Both applicants having conflicting interests in the matter pending before the Industrial Board. Anna Wawrinchak did not present or offer any evidence on her application for compensation. The appellant filed a separate application on April 3, 1969 which was over three (3) years after the filing of Anna Wawrinchak's application. The Industrial Board of Indiana makes its own rules of procedure

and is not bound by anything in our civil code or the common law. *Terre Haute Paper Company* v. *Price,* 113 Ind. App. 578, 584, 47 N. E. 2d 166 (1943) ; *Davis* v. *Webster & Auto Owners Ins. Co.,* 136 Ind. App. 286, 198 N. E. 2d 883 (1964), (rehearing denied). These rules permit a person to be joined as a party defendant who does not voluntarily allow herself to be joined as a party plaintiff. The rules are very liberal and fully set out in Burns' Administrative Rules and Regulations (40-1510)-4 and (40-1510)-5. See also § 40-1503 and § 40-1506, Burns' Ind. Stat. Annotated. The appellant chose not to follow them. We find no error committed by the Industrial Board.

Appellant's Error No. four (4) concerns itself with the application of the Acts of 1929, ch. 172, § 24, p. 536, § 40-1224, Burns' Ind. Stat. Annotated. (1965 Replacement).

The finding of the Full Industrial Board as it relates to the statute is as follows: ". . . and further finds that the application on behalf of said plaintiff was filed on April 3, 1969, while the death of the employee was the 17th day of January, 1965."

The award of the Full Board as the same pertains to the statute of limitations question is as follows:

"IT IS FURTHER ORDERED that the Application Form 10 for the adjustment of claim for compensation, filed on the 3rd day of April, 1969 by plaintiff Fevronia Vavrinchak, a/k/a Wawrinchak, should be, and the same is hereby dismissed."

The appellant's assignment of error no. four (4) is as follows:

"That the Full Board erred in dismissing the Form No. 10 Application of the Appellant, plaintiff below, on the grounds that her application was filed on April 30, 1969, and the deceased died on the 17th day of January, 1965, for the reason that at no time prior to the introduction of evidence did the appellee, defendant below, orally or in writing, raise the issue of the statute of limitations and therefore waived this defense and the defendant stipulated and agreed before the individual hearing member that the only

issue presented for determination was which Plaintiff, if any, was entitled to the death benefits under the Indiana Workmen's Compensation Act."

The appellant is actually stating two (2) errors in his assignment of error no. four (4), namely:

1) That the statute of limitation was waived by the appellee.
2) That the statute of limitation was stipulated by the parties.

Before considering appellant's assignment of error no. four (4), in its several parts as set forth above, it is necessary to examine the fundamental nature of the statute upon which appellant relies. This statute provides:

"40-1224. Limitation for filing claim—The right to compensation under this act shall be forever barred unless within two [2] years after the occurrence of the accident, or if death results therefrom, within [2] years after such death, a claim for compensation thereunder shall be filed with the industrial board: Provided, however, That in all cases wherein an accident or death results from the exposure to radiation a claim for compensation shall be filed with the industrial board within two [2] years from the date on which the employee had knowledge of his injury or by exercise of reasonable diligence should have known of the existence of such injury and its causal relationship to his employment. [Acts 1929, ch. 172, § 24, p. 536; 1947, ch. 162, § 2, p. 523; 1961, ch. 101, § 1, p. 202.]"

For the purposes of this examination, we will assume that the appellee did not raise the statute of limitations question. However, the court notes at page 24 of the transcript that such a written motion was filed with the Full Board.

Both the appellant and appellee presuppose a general statute of limitation in their briefs. The appellant contending that the statute of limitation has been waived and stipulated by the appellee; and, the appellee on the other hand, contending that he has filed a motion to dismiss based upon the

statute of limitations and that such a statute was neither waived nor stipulated.

"A statute of limitations should be differentiated from conditions which are annexed to a right of action created by statute. A statute which in itself creates a new liability, gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitations. It is a statute of creation, and the commencement of the action of the time it fixes is an indispensable condition of the liability and of the action which it permits. The time element is an inherent element of the right so created, and the limitation of the remedy is a limitation of the right. Such a provision will control, no matter in what form the action is brought. The statute is an offer of an action on condition that it be commenced within the specified time. If the offer is not accepted in the only way in which it can be accepted, by a commencement of the action within the specified time, the action and the right of action no longer exist, and the defendant is exempt from liability. Whether an enactment is of this nature, or whether it is a statute of limitations, should be determined from a proper construction of its terms." 34 Am. Jur., Limitation of Actions, § 7, page 16; *Wilson* v. *Betz Corporation, et al.* (1959), 130 Ind. App. 83, 159 N. E. 2d 402.

A general statute of limitations creates a defense to a cause of action which must be pleaded or the defense is waived. Such a statute is not self-executing. Certain acts of misconduct or acts constituting fraud or acts constituting estoppel may extend the time for commencing the cause of action. These are all characteristics of a general statute of limitations, with which we are all very familiar. We may not be as familiar with a nonclaim statute or a statute of creation as it is sometimes called.

A nonclaim statute creates a right of action and has inherent in it the denial of a right of action. It imposes a

condition precedent—the time element which is a part of the action itself. As pointed out in *Donnella, Admrx.* v. *Crady* (1962), 135 Ind. App. 60, 185 N. E. 2d 623, "Unless the claim is filed within the prescribed time set out in the statute, no enforceable right of action is created." The nonclaim statute is self-executing where the general statute of limitations is not. Even the rule of waiver has no application to the nonclaim statute, and the time element is not a defense as in the general statute of limitations. Moreover, such nonclaim statutes may not be extended. As this court pointed out in *Donnella* v. *Crady, supra,* at pages 63 and 64: "Such statutes are not extended by the disability, fraud or misconduct of the parties. The time to act cannot be waived by the parties or lengthened by the court. Unless the claim is filed or the action thereon brought within the time prescribed by the said statute, any right of action then existing becomes unenforceable and the claim or action is forever barred."

This court further stated in *Otolski* v. *Estate of Nowicki* (1959), 129 Ind. App. 492, page 497, 158 N. E. 2d 296 that "A statute of this type has been referred to as not being a statute limiting the remedy, or, in other words, a statute of limitation, but as a statute constituting a denial of a right of action and imposing a condition precedent to the enforcement of such right of action."

The final word of this court upon the statute here under consideration was expressed by Judge Sharp in *Huffman* v. *State Sign Co.* (1969), 145 Ind. App. 486, 18 Ind. Dec. 770 at page 771, 251 N. E. 2d 489, wherein this court stated: "The legislative intent § 40-1224 is clear. With the exception of radiation injuries, the right is forever barred unless a claim is filed within two years after such death. This interpretation was clearly inferred in *Railway Express Agency* v. *Harrington*, 119 Ind. App. 593, 88 N. E. 2d 175 (1949), and explicitly stated by this court in *Lewis* v. *Marhoefer Packing Co.*, 145 Ind. App. 225 [18 Ind. Dec. 346], 250 N. E. 2d 375 (1969).

See also Small, Workmen's Compensation Law of Indiana, § 12-3."

An examination of the statute presently before the court, § 40-1224, *supra,* leaves no doubt that we are dealing with a nonclaim statute and not a general statute of limitations. Therefore, the questions of waiver and stipulation are laid to rest.

The appellant's claim was barred by § 40-1224, *supra,* and could not have been resurrected by waiver or stipulation after the expiration of two years from the date of death.

The award of the Industrial Board should be and hereby is affirmed. Cost v. appellant.

Hoffman, C.J., concurs; Sharp, J., concurs; White, J., concurs in result.

NOTE.—Reported in 267 N. E. 2d 395.