**Harland M. COLE, Appellant,**

v.

**STATE OF INDIANA, Appellee.**

**No. 2–483A109.**

Court of Appeals of Indiana,
Third District.

Oct. 17, 1983.

R. Scott Hayes, Scotten & Hinshaw, New Castle, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Appellant Harland M. Cole was visiting an uncle's home with his parents. While there appellant's cousin attacked and beat him. The beating resulted in serious injury to appellant.

Cole then applied for benefits pursuant to the Violent Crime Compensation Act, Ind. Code § 16–7–3.6–1 *et seq.* (Burns 1983 Repl.). A hearing was held and appellant was denied compensation on the ground the act specifically excluded from coverage victims of violent crimes committed by family members. On appeal only one issue is raised, that being, whether the Industrial

Board erred in interpreting the statute applicable in this case.

The statute at issue specifically provides:

"(a) Except as provided in subsection (b) of this section, the following persons shall be eligible for assistance under this chapter:

(1) A victim of a violent crime[.]

\* \* \* \* \* \*

"(b) A person who commits a violent crime upon which an application is based, or an accomplice of that person or a member of the family of that person, is not eligible for assistance under this chapter...."

Ind.Code § 16-7-3.6-5.

The dispute in the case at bar centers around the proper definition to be applied to the term *family* found in subsection (b) of the statute set out above. While the Legislature defined several terms found within this chapter in Ind.Code § 16-7-3.6-1, it declined to make any attempt at defining the term family. Further, there being no legislative history from which this Court might glean the legislators' intention when enacting this provision and there being a dearth of authority on this legal point, the Court is left to its own resources in determining what is meant by the term family in this particular context.

Appellant directs the Court to numerous authorities defining the term family. These definitions range from the narrow, "father, mother, and children, whether living together or not"; to the broad, "those who are of the same lineage, or descend from one common progenitor." Black's Law Dictionary 728 (4th ed. 1951). The definition applied to the term varies depending upon the context in which the term is used. That is to say the term family does not necessarily mean the same when used in a zoning ordinance as compared to a probate statute.

■ Courts in reviewing the construction of a statute must view the statute as a whole. *Skaggs v. State,* (1982) Ind.App., 438 N.E.2d 301. When construing a statute this Court must accord words their ordinary and usual meaning unless doing so would render meaningless a portion of the statute. *R.L. v. State,* (1982) Ind.App., 437 N.E.2d 482. Thus, in the case at bar the Court is faced with a dilemma as the ordinary and usual meaning of the term family is a flexible concept.

■ The Violent Crimes Compensation Act was enacted to compensate crime victims who would generally be unable to effectively seek compensation since the perpetrator of the actionable conduct would probably be judgment proof. However, the purpose of subsection (b) of the act excluding family members of the perpetrator from recovering is aimed at preventing collusive arrangements among family members and more specifically intended to exclude spousal abuse from the arena of recovery.

One of the clearest indications of the Legislature's intent when using the term family appears in the provision dealing with nepotism in hiring by public officials. Ind. Code § 4-15-7-1 (Burns 1982 Repl.). A public official is barred from hiring a father, mother, brother, sister, uncle, aunt, husband, wife, son, daughter, son-in-law, daughter-in-law, niece or nephew. The emphasis seems to be on relation through the bloodline with the public official as the point of reference. The purpose of the statute is to preclude public officials from hiring individuals merely because of their close and possibly partial relationship.

■ In the case at bar the statute clearly indicates that the perpetrator of the violent crime is the point of reference from which the term family is determined. Taking into account the language of section (b) of the act, this Court concludes that family, for purposes of this act, should be limited to the individuals specifically set out in the nepotism statute. As first cousins are not considered family members for purposes of the nepotism statute, they shall not be included within that term in the Violent Crime Compensation Act. Should the Legislature have intended a broader or narrower meaning be

applied to the term family, it should act so as to include that definition in the statute.

The definition of family arrived at by this Court when applied to the case at bar would allow appellant a recovery under the act. In light of this decision the Industrial Board erred. Therefore, this cause is remanded so the Industrial Board may enter an order consistent with the decision of this Court.

Reversed and remanded.

BUCHANAN, C.J., and SHIELDS, J., concur.