**Rhonda COOK, Appellant,**

v.

**VIOLENT CRIME COMPENSATION FUND, Appellee.**

**No. 93A02–8912–EX–670.**

Court of Appeals of Indiana,
Third District.

Aug. 15, 1990.

Thomas E. Atz, Samper Hawkins Atz & Cook, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Ann Scholl Long, Deputy Atty. Gen., Indianapolis, for appellee.

GARRARD, Judge.

Rhonda Cook appeals the decision of the Worker's Compensation Board—Violent Crime Compensation Division, denying her claim for benefits from the Violent Crime Compensation Fund (hereinafter, the fund). She presents a single issue for our review:

Whether a person legally incompetent by reason of minority may file a claim for benefits as a victim of a violent crime more than two years after the commission of the

crime, but less than two years after the removal of the legal disability.

On September 26, 1984, a high school classmate stabbed Cook, who was born February 20, 1970. Cook was pregnant at the time, and the stabbing resulted in the death of her fetus. The perpetrator was convicted of attempted voluntary manslaughter and feticide. On February 7, 1989, Cook filed an application for benefits from the fund. A member of the Worker's Compensation Board held a hearing and denied Cook's application because her claim had not been filed within two years of the date the crime was committed. After a hearing, the full Worker's Compensation Board affirmed the single hearing member's decision.

IC 16–7–3.6–6(b) provides that:

> The application must be filed within [180] days of the date the crime was committed. The division may grant an extension of time for good cause shown by the claimant. However, an application may not be filed after two years of the date the crime was committed.

Cook argues that at the time of the crime, she suffered a legal disability, minority. Because the statute does not refer to minority or any other legal disability, she argues that general provisions of the law should apply. Her application would thus be timely filed after removal of her legal disability.

The fund contends that IC 16–7–3.6–6(b) is not a statute of limitation, but a statutory condition precedent. In *Wawrinchak v. U.S. Steel Corp.* (1971), 148 Ind.App. 444, 267 N.E.2d 395, the court found the following statute to be a non-claim statute:

> The right to compensation under this act shall be forever barred unless within 2 years after the occurrence of the accident, ... a claim for compensation shall be filed with the industrial board....

A non-claim statute creates a right of action and has inherent in it the denial of a right of action. It imposes as a condition precedent a time element which is a part of the action itself. Unless a claim is filed within the prescribed time, no enforceable right of action is created. *Wawrinchak,*

*supra,* 148 Ind.App. at 451–52, 267 N.E.2d at 399. Similarly, the following statute was found to create a condition precedent to a tax refund:

> If any person considers that he has paid to the department for any year an amount which is in excess of the amount legally due from him for that year under the terms of this act, he may apply to the department ... at any time within three years after the payment for the annual period for which such alleged overpayment has been made, for a correction....

*Dept. of Revenue v. Mumma Bros. Drilling Co.* (1977), 173 Ind.App. 487, 491, 364 N.E.2d 167, 170.

IC 16–7–3.6–6 is not, therefore, merely a statute of limitations in that it sets a condition precedent to applying for compensation from the fund. Our inquiry, however, does not end there. In *City of Fort Wayne v. Cameron* (1977), 267 Ind. 329, 370 N.E.2d 338, the following statute was also not a statute of limitations:

> [N]o action of any kind for damages arising from any negligence ... of any municipal corporation ... shall be brought or maintained against any municipal corporation ... unless there is first served upon either the mayor or clerk ... a written notice.... Such notice ... must be served ... so as to be received by [the] municipal official within 60 days of the occurrence complained of....

*Id.,* 267 Ind. at 331–32, 370 N.E.2d at 339–40. The statute was a procedural precedent to the remedy of bringing an action against a municipality. *Id.* However, the underlying liability of the municipality did not emanate from statutory law, but from a common law duty of reasonable care. Therefore, the notice requirement could not be used as a bar to a common law right of action where the legal disability so impaired the individual that he could not comply with the notice requirement. *Id.,* 267 Ind. at 333–34, 370 N.E.2d at 341.

Cook argues that the underlying right of action is an action at common law because victims would generally be able to seek

compensation from the perpetrators of crimes provided the perpetrators were not judgment-proof. *See Cole v. State* (1983), Ind.App., 454 N.E.2d 889, 890. We disagree. While it is true that victims have a common law right of action against the perpetrator, the Violent Crimes Compensation Act sets up a separate and distinct remedy against the fund. Without the legislation's enactment, most violent crime victims would go uncompensated. This right to relief is purely statutory.

During Cook's minority she could have applied for compensation by her parent, guardian or other person authorized to administer her affairs. 480 I.A.C. 1–1–3(3).

The decision of the Worker's Compensation Board is affirmed.

HOFFMAN and SHIELDS, P.JJ., concur.