

FILED
Apr 28 2015, 6:46 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Jason Spindler<br>Spindler Law<br>Princeton, Indiana | Michael R. Cochren<br>Princeton, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In The Matter of The Adoption of: | April 28, 2015 |
| K.M. | Court of Appeals Case No. 26A01-1407-AD-294 |
| B.M.,<br>*Appellant-Defendant,* | Appeal from the Gibson Circuit Court |
| v. | The Honorable Jeffrey F. Meade, Judge |
| J.R. and M.R.,<br>*Appellee-Plaintiff* | Cause No. 26C01-1311-AD-015 |

**Friedlander, Judge.**

[1] B.C. (Mother) appeals from the trial court's order granting M.R.'s (Stepmother) verified petition for adoption. Mother presents two issues for our review:

1. Whether Ind. Code Ann. § 31-19-9-18 (West, Westlaw current with all legislation of the 2015 First Regular Session of the 119th General Assembly effective through March 24, 2015) is unconstitutional because it violates her due process rights under the Fourteenth Amendment of the United States Constitution?

2. Whether Mother's efforts constituted sufficient notice of her objection to Stepmother's petition for adoption such that her efforts justify equitable tolling of the thirty-day statutory timeframe in which Mother was required to file a motion to contest the petition for adoption?

We affirm.

Mother and J.R. (Father) are the biological parents of K.M. (Child), born on May 30, 2008. Father and Stepmother married on April 14, 2012. On November 12, 2013, Stepmother filed a verified petition for adoption of Child. Mother received personal service of the adoption petition in open court on January 9, 2014. The notice served upon Mother advised her that if she wanted to contest the adoption, she needed to "file a motion to contest the adoption in accordance with IC 31-19-10-1[1] . . . not later than thirty (30) days after the date of service of this notice." *Appellant's Appendix* at 11.

On February 14, 2014, the trial court held a hearing at which all relevant parties were present. During the hearing, Mother, who was not represented by counsel, admitted that she had not filed a written motion to contest

---

[1] Ind. Code Ann. § 31-19-10-1 (West, Westlaw current with all legislation of the 2015 First Regular Session of the 119th General Assembly effective through March 24, 2015) provides that "[a] person contesting an adoption must file a motion to contest the adoption with the court not later than thirty (30) days after service of notice of the pending adoption".

adoption. Mother explained to the court, however, that she tried to find out how to communicate her objection to Stepmother's adoption of Child by contacting the office of her attorney in an unrelated matter, conducting her own internet research, visiting the Gibson County Clerk's office in person, and contacting the trial court via a telephone call. The trial court nevertheless found that pursuant to statute, Mother's failure to contest Stepmother's adoption petition in writing within the appropriate timeframe resulted in Mother's consent being irrevocably implied. After Mother questioned the trial court about the ramifications of the court's decision, the trial court appointed counsel to review Mother's interests. Later that same day, Mother, now represented by counsel, filed a motion to contest the adoption with the trial court in which Mother claimed to have "acted in good faith to communicate her objection before the expiration of [the thirty-day deadline]." *Appendix* at 13.

[4] On February 24, 2014, the trial court entered an order finding that Mother had been properly served, but that Mother had failed, pursuant to I.C. § 31-19-10-1, to file a motion to contest the adoption in a timely manner. The trial court therefore determined that Mother's consent to the adoption was irrevocably implied, and thus, pursuant to statute, Mother had lost her right to contest the adoption or the validity of her implied consent to the adoption. Mother filed a motion to correct error on February 27, 2014. The trial court held a hearing on Mother's motion to correct error on May 14, 2014, after which the court denied Mother's motion and upheld its February 24 order. The trial court then moved forward with the adoption proceedings. Following a June 2, 2014 hearing, the

trial court granted Stepmother's petition to adopt Child. An order of adoption was subsequently signed by the trial court on June 9, 2014.

[5] When we review a trial court's ruling in an adoption proceeding, we will not disturb that ruling unless the evidence leads to only one conclusion and the trial court reached the opposite conclusion. *In re Adoption of H.N.P.G.*, 878 N.E.2d 900 (Ind. Ct. App. 2008), *trans. denied*. We will not reweigh the evidence, but rather, we will examine the evidence most favorable to the trial court's decision together with all reasonable inferences to be drawn therefrom. *Id*. We will affirm if sufficient evidence exists to sustain the decision. *In re Adoption of M.A.S.*, 815 N.E.2d 216 (Ind. Ct. App. 2004). The trial court's decision is presumed to be correct and it is the appellant's burden to overcome that presumption. *Id*.

1.

[6] Mother argues that I.C. § 31-19-9-18 is an unconstitutional violation of the Due Process clause of the Fourteenth Amendment of the United States Constitution. Specifically, Mother argues that the fundamental importance of the parent-child relationship should necessitate a hearing in which the court can evaluate the worthiness of the biological parent, rather than permit a court to "default" a person based "upon a technicality," i.e., a missed deadline to file a motion to contest. *Appellant's Brief* at 9.

[7] The Due Process Clause of the Fourteenth Amendment provides: "No State shall . . . deprive any person of life, liberty, or property, without due process of

law[.]" "Generally stated, due process requires notice, an opportunity to be heard, and an opportunity to confront witnesses." *Morton v. Ivacic*, 898 N.E.2d 1196, 1199 (Ind. 2008). The opportunity to be heard is a fundamental requirement of due process. *Morton v. Ivacic*, 898 N.E.2d 1196. Here, there is no doubt that Mother had a protectable interest. The inquiry is thus whether Mother was denied procedural due process.

[8] Mother acknowledges that she received notice of Stepmother's adoption petition and that she was aware of the requirement that she must file an objection thereto within thirty days of being given such notice. *See* I.C. § 31-19-10-1. Mother further admits that she did not file an objection within thirty days. I.C. § 31-19-9-18 provides, in pertinent part, that "[t]he consent of a person who is served with notice under IC 31-19-4.5 to adoption is irrevocably implied without further court action if the person . . . fails to file a motion to contest the adoption as required under IC 31-19-10 not later than thirty (30) days after service of notice under IC 31-19-4.5."

[9] Mother argues that I.C. § 31-19-9-18 is unconstitutional in that her consent to the adoption was irrevocably implied simply because she did not file an motion to contest the adoption within the statutory time limit and not as the result of a hearing at which she was given an opportunity to be heard. Mother argues that a hearing should be held in all adoption cases. Mother's suggestion is really a request to rewrite legislation. There is nothing in the statutory language that requires a predicate hearing prior to a person's consent being irrevocably implied. In fact, the language is clear that consent is irrevocably implied

"without further court action." I.C. § 31-19-9-18. We will not read a requirement for a hearing into the statute. *See McGee v. McGee*, 998 N.E.2d 270 (Ind. Ct. App. 2013).

[10] The statutory framework provides that notice of an adoption petition shall be given and that a person receiving such notice has thirty days to file a motion to contest. Here, had Mother filed a motion to contest the adoption within the appropriate time frame, she would have been afforded the opportunity to voice her objection to Stepmother's petition to adopt the Child. It was Mother's failure to timely file a motion, not State action, that foreclosed her opportunity to oppose Stepmother's petition for adoption. The statutory scheme afforded Mother procedural due process.[2]

2.

[11] Mother argues that she engaged in sufficient communication with the judicial system such that we should not strictly apply the time limit set out in I.C. § 31-19-9-18. In other words, Mother argues that her efforts to communicate her objection to Stepmother's petition for adoption should allow for equitable

---

[2] We note that the Appellees heavily rely upon an unpublished memorandum decision in support of their arguments. This is contrary to Indiana Appellate Rule 65(D), which provides: "[A] memorandum decision shall not be regarded as precedent and shall not be cited to any court except by the parties to the case to establish *res judicata*, collateral estoppel, or law of the case."

deviation from the statutory time limit and we should therefore set aside her irrevocable implied consent.[3]

[12]     In *In re Paternity of M.G.S.*, 756 N.E.2d 990 (Ind. Ct. App. 2001), *trans. denied*, this court considered a similar statutory scheme but in the context of establishing paternity. In that case, the appellant's consent to the adoption of his minor child was irrevocably implied because he failed to file a paternity action within thirty days of receiving notice of the proposed adoption. In its analysis, the court began by noting the differences between an ordinary statute of limitations and a nonclaim statute. The former can be waived and is subject to equitable tolling, but the latter is not. *Id.* The *M.G.S.* court explained the nature of a nonclaim statute as follows:

> [W]hile an ordinary statute of limitations may be waived and is subject to equitable tolling, a nonclaim statute is not. *Burnett v. Villaneuve*, 685 N.E.2d 1103, 1107 (Ind. Ct. App. 1997). 'A nonclaim statute is one which creates a right of action and has inherent in it the denial of a right of action. It imposes a condition precedent—the time element which is part of the action itself.' *Wawrinchak v. United States Steel Corp.*, 148 Ind.App. 444, 267 N.E.2d 395, 399 (1971). While nonclaim statutes limit the time in which a claim may be filed or an action brought, they

---

[3] As noted above, Mother claims that she contacted the office of her attorney in an unrelated matter, searched the internet for information, visited the Gibson County Clerk's office in person, and contacted the trial court via a telephone call in an effort to find out how to communicate her objection to Stepmother's adoption petition.

As an aside, we note that the trial court was not obligated to credit Mother's testimony and in fact, in its questioning of Mother about her asserted attempts to find out how to communicate her objection to Stepmother's adoption petition, seemed to discount the extent of some of her efforts.

have nothing in common and are not to be confused with general statutes of limitation. *Donnella v. Crady*, 135 Ind.App. 60, 63, 185 N.E.2d 623, 624 (1962), *trans. denied*. 'The former creates a right of action if commenced within the time prescribed by the statute, whereas the latter creates a defense to an action brought after the expiration of the time allowed by law for bringing of such an action.' *Id*.

Thus, a statute is a nonclaim statute when 'there is clearly evidenced a legislative intent in [the] statute to not merely withhold the remedy, but to take away the right of recovery where a claimant fails to present his claim as provided in the statute.' *Rising Sun State Bank v. Fessler*, 400 N.E.2d 1164, 1166 (Ind. Ct. App. 1980). While equitable principles may extend the time for commencing an action under statutes of limitations, nonclaim statutes impose a condition precedent to the enforcement of a right of action and are not subject to equitable exceptions. *See id*.

765 N.E.2d at 997. The court also noted that because adoption statutes create a statutory procedure unknown at common law, the statutes must be strictly construed in favor of the rights of natural parents. *Id*. (citing *Adoptive Parents of M.L.V. v. Wilkens*, 598 N.E.2d 1054, 1056 (Ind. 1992)). Courts must also presume that the legislature intended its language to be applied in a logical manner consistent with the underlying policy and goals of the statutory scheme. *See id*. at 998.

[13] The statute at issue in *M.G.S.* uses, in relevant part, identical language to I.C. § 31-19-9-18 in that the failure to do something has the effect of consent to adoption being "irrevocably implied without further court action." Further, as was the case in *M.G.S.*, here, a separate statute provides that a person whose

consent is irrevocably implied "may not contest the adoption or the validity of the person's implied consent to the adoption." *See* I.C. § 31-19-9-19 (West, Westlaw current with all legislation of the 2015 First Regular Session of the 119th General Assembly effective through March 24, 2015).

[14] We agree with the *M.G.S.* court's analysis and similarly conclude that the plain language of I.C. § 31-19-9-18 indicates that it is a nonclaim statute. The language of the statute imposes a condition precedent to the enforcement of a right, i.e., the filing of a motion to contest a petition for adoption. If the condition precedent is not met, the right of action is lost and the adoption may not be challenged. The legislative intent to take away a right of recovery is clear from the language utilized. Further, we note that this interpretation of I.C. § 31-19-9-18 is consistent with the objective of "avoiding unnecessary instability and uncertainty" in adoption proceedings. *Adoptive Parents of M.L.V. v. Wilkins*, 598 N.E.2d at 1056.

[15] Having determined that I.C. § 31-19-9-18 is a nonclaim statute, Mother is not entitled to equitable deviation from the thirty-day time limit and courts are not permitted to utilize equity to rectify an injustice even if warranted by the situation. Mother did not file a motion to contest Stepmother's petition for adoption within thirty days after being served with notice thereof and consequently, Mother's consent to the adoption was irrevocably implied. Mother was not thereafter permitted to contest the adoption or the validity of her consent and she was not entitled to equitable tolling. The trial court did not err in granting Stepmother's petition for adoption of the Child.

Judgment affirmed.

Baker, J., and Najam, J., concur.