IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

THOMAS COX,
*Petitioner*,

*v.*

HON. ADELE PONCE, JUDGE OF THE SUPERIOR COURT OF THE STATE OF
ARIZONA, IN AND FOR THE COUNTY OF MARICOPA,
*Respondent Judge*,

MAKAYLA ESPLIN; PROSPECTIVE ADOPTIVE COUPLE,
*Real Parties in Interest.*

No. CV-20-0173-PR
Filed July 26, 2021

Special Action from the Superior Court in Maricopa County
The Honorable Adele Ponce, Judge
No. FC 2019-097629
**AFFIRMED**

Order of the Court of Appeals, Division One
Filed June 5, 2020

COUNSEL:

Sandra Slaton (argued), Kristin Roebuck Bethell, Horne Slaton, PLLC,
Scottsdale, Attorneys for Thomas Cox

Glenn D. Halterman (argued), Ellsworth Family Law, P.C., Mesa, Attorney
for Makayla Esplin

Brent Ellsworth, Brent D. Ellsworth, P.C., Mesa, Attorney for Prospective
Adoptive Couple

---

JUSTICE BEENE authored the Opinion of the Court, in which CHIEF JUSTICE BRUTINEL, VICE CHIEF JUSTICE TIMMER, and JUSTICES BOLICK, LOPEZ, and MONTGOMERY joined.*

---

JUSTICE BEENE, Opinion of the Court:

¶1        In Arizona, statutory adoption proceedings require a mother to notify the potential father of her intention to place the child for adoption. The potential father must file a paternity action and serve the mother within thirty days of receiving the mother's notice if he wishes to be notified of proceedings related to the child's adoption or the termination of his parental rights. *See* A.R.S. § 8-106(G), (J).  Here, we address whether a father's failure to timely file a paternity action is excusable under equitable principles.  Because we hold that an untimely filed action is barred as a matter of law, we affirm the superior court's order dismissing the paternity action.

## BACKGROUND

¶2        In 2018, Thomas Cox ("Father") and Makayla Esplin ("Mother") were in a relationship, which resulted in a pregnancy.  During her pregnancy, Mother decided to place the baby for adoption and contacted Adoptive Couple.  In August 2019, Mother moved out of the home she shared with Father.  Shortly thereafter, Father filed a claim of paternity with the putative fathers registry pursuant to A.R.S. § 8-106.01 and retained an attorney to handle the matter.

¶3        On August 26, Adoptive Couple's attorney spoke with the paralegal for Father's attorney.  The content of this conversation is disputed, but the paralegal believed that Adoptive Couple would "back out

---

* Although Justice Andrew W. Gould (Ret.) participated in the oral argument in this case, he retired before issuance of this Opinion and did not take part in its drafting.

gracefully" from the adoption proceedings if Father sent Adoptive Couple's attorney a letter expressing his intention to "be involved in the minor child's life." Two days later, the paralegal sent Adoptive Couple's attorney a letter stating that Father would be asserting parental rights over the child and intended to file a paternity action. After sending the letter, the paralegal failed to calendar the deadline to file the paternity action.

¶4         On August 27, Mother served Father with notice of her intention to place the child for adoption pursuant to § 8-106(G) and Father's attorney accepted service. The notice advised that to be able to withhold consent to an adoption, Father would have to initiate paternity proceedings and serve Mother within thirty days of completion of service of the notice. The child was born on September 14.

¶5         On October 11, sixteen days after the deadline, Father filed a paternity action. He was unable to serve Mother. Mother and Adoptive Couple each filed a motion to dismiss the paternity action. After oral argument, the trial court granted each party's motion to dismiss. Father then sought special action relief in the court of appeals, but the court declined jurisdiction.

¶6         We granted review to consider whether equitable relief is available to a father who failed to file a timely paternity action, a matter of first impression for this Court. We have jurisdiction pursuant to article 6, section 5(3) of the Arizona Constitution.

## DISCUSSION

¶7         We review de novo an order granting a motion to dismiss brought under Arizona Rule of Civil Procedure 12(b)(6). *Abbott v. Banner Health Network*, 239 Ariz. 409, 412 ¶ 7 (2016). Here, the parties sought dismissal under Arizona Rule of Family Law Procedure 29(a)(6). Because Rule 29(a)(6) is the family law equivalent of Arizona Rule of Civil Procedure 12(b)(6), we apply de novo review. *See Kline v. Kline*, 221 Ariz. 564, 568–69 ¶ 13 (App. 2009) (noting that law interpreting other statewide rules is applicable when "the language of the family law rules is substantially the same"). We also review de novo issues of law, including statutory

interpretation. *BMO Harris Bank, N.A. v. Wildwood Creek Ranch, LLC*, 236 Ariz. 363, 365 ¶ 7 (2015).

**I.**

**¶8**          In Arizona, if a mother decides to place her child for adoption, she must comply with the requirements set forth in § 8-106(G). Initially, the mother must file and serve the potential father with notice of her intention to place the child for adoption. § 8-106(G)(1). Along with the notice, the mother must inform the potential father that, if he desires to withhold consent to the adoption, he must "initiate paternity proceedings under Title 25" and "serve the mother within thirty days of completion of service." § 8-106(G). In addition, the mother must notify the potential father that, if he does not file a paternity action under Title 25 and serve the mother within thirty days after completion of the service and pursue the action to judgment, he cannot "bring[] or maintain[] any action to assert any interest in the child." § 8-106(G)(7).

**¶9**          If the father fails to comply with § 8-106(G)'s requirements, § 8-106(J) bars him from bringing or maintaining any action asserting any interest in the child. This statute provides:

> A potential father who fails to file a paternity action and who does not serve the mother within thirty days after completion of service on the potential father as prescribed in subsection G of this section waives his right to be notified of any judicial hearing regarding the child's adoption or the termination of parental rights and his consent to the adoption or termination is not required.

**¶10**          In this case, Mother properly served Father with her notice of intention to place the child for adoption on August 27. Father, however, failed to timely file and serve Mother with a paternity action as required by § 8-106(J). Accordingly, pursuant to § 8-106(J), Father waived his right to be notified of any hearing regarding the child's adoption or the termination of his parental rights and his consent to the adoption or termination of his parental rights was not required.

**¶11** In addition, A.R.S. § 25-804 requires the trial court to "dismiss any proceeding that is barred pursuant to § 8-106, subsection J." Because Father failed to timely file and serve Mother with a paternity action, the trial court based its order dismissing Father's paternity action on §§ 8-106(J) and 25-804.

**¶12** The controlling law in this case is clear. Once Father failed to timely file and serve Mother with a paternity action, he waived his right to be notified of any hearing regarding his child's adoption, his consent to the adoption was not required, and the trial court was obligated to dismiss Father's paternity action. §§ 8-106(J), 25-804. In addition, the trial court's order dismissing Father's paternity action finds further support in Arizona Rule of Family Law Procedure 40(j), which states, "[t]he court must dismiss any proceeding that is barred under A.R.S. § 8-106(J)."

**¶13** In light of this clear mandate, we must determine whether principles of equity apply to provide relief from these statutory requirements. We now turn to that issue.

## II.

**¶14** Whether principles of equity (such as excusable neglect and equitable tolling) apply to provide relief in this case depends on the nature of the statute. A statute of limitations "identif[ies] the outer limits of the period of time within which an action may be brought to seek redress or to otherwise enforce legal rights created by the legislature or at common law." *Porter v. Spader*, 225 Ariz. 424, 427 ¶ 7 (App. 2010). A statute of repose (sometimes called a nonclaim statute)[1] likewise acts to extinguish legal

---

[1] Statutes of repose and nonclaim statutes are technically different types of limiting statutes. However, they both operate to terminate any right to action after the passage of a certain time, so we treat them the same. *Compare* 51 Am. Jur. 2d *Limitation of Actions* § 24 ("A statute of repose . . . extinguishes the action, or terminates any right to action, after a fixed period of time has elapsed."), *with* 51 Am. Jur. 2d *Limitation of Actions*

rights if they are not enforced by a specific deadline. While both statutes of limitations and statutes of repose act as deadlines, they differ in one important way: equitable principles may provide relief only from deadlines imposed by statutes of limitations. *See CTS Corp. v. Waldburger*, 573 U.S. 1, 9 (2014) ("One central distinction between statutes of limitations and statutes of repose underscores their differing purposes. Statutes of limitations, but not statutes of repose, are subject to equitable tolling . . . . Statutes of repose, on the other hand, generally may not be tolled, even in cases of extraordinary circumstances beyond a plaintiff's control."). In *Albano v. Shea Homes Limited Partnership*, 227 Ariz. 121, 127 ¶¶ 23–24 (2011), this Court explained:

> [Statutes of limitations] generally begin to run after an injury occurs and is (or reasonably should have been) discovered. *See, e.g.*, *Walk v. Ring*, 202 Ariz. 310, 315–16 ¶¶ 20–23 (2002). But a statute of repose is intended "to establish a limit beyond which no suit may be pursued," and "sets a period of time within which claims must be brought regardless of when the cause of action may accrue." *Evans Withycombe, Inc. v. W. Innovations, Inc.*, 215 Ariz. 237, 240 ¶ 12 (App. 2006) (quoting *Maycock v. Asilomar Dev., Inc.*, 207 Ariz. 495, 501 ¶ 28 (App. 2004)).

> Thus, under statutes of repose, "a claim may be barred if it does not accrue within the allowable statutory period." *Maycock*, 207 Ariz. at 501 ¶ 28. Although statutes of limitations are generally considered procedural, *see Hosogai v. Kadota*, 145 Ariz. 227, 231 (1985), a statute of repose defines a substantive right, *see Resolution Trust Corp. v. Olson*, 768 F. Supp. 283, 285 (D. Ariz. 1991); *see also Snyder v. Love*, 153 P.3d 571, 573 (Mont. 2006) (observing that statutes of repose are "substantive grants of immunity based on a legislative

_____

§ 23 (A nonclaim statute is "jurisdictional, and . . . deprives a court of jurisdiction, or the power to adjudicate a claim, if the claim is not timely filed.").

balance of the respective rights of potential plaintiffs and defendants" (quotations omitted)).

¶15 No Arizona court has considered whether § 8-106(J) is a statute of limitations or a statute of repose. However, in *In re Adoption of K.M.*, 31 N.E.3d 533 (Ind. Ct. App. 2015), the Indiana Court of Appeals decided this issue in relation to Indiana Code § 31-19-9-18, that state's equivalent of A.R.S. § 8-106(J). Like § 8-106(J), I.C. § 31-19-9-18 dictates a thirty-day deadline for a parent to contest an adoption. In both statutes, a parent who fails to contest an adoption within thirty days loses the right to contest it.

¶16 That court explained that ordinary statutes of limitations may be waived and are subject to equitable tolling, but nonclaim statutes are not. 31 N.E.3d at 537. "While equitable principles may extend the time for commencing an action under statutes of limitations, nonclaim statutes impose a condition precedent to the enforcement of a right of action and are not subject to equitable exceptions." *Id.* at 538 (quoting *In re Paternity of M.G.S.*, 756 N.E.2d 990, 997 (Ind. Ct. App. 2001)). It then explained why I.C. § 31-19-9-18 was a statute of repose rather than a statute of limitations:

> [T]he plain language of I.C. § 31-19-9-18 indicates that it is a nonclaim statute. The language of the statute imposes a condition precedent to the enforcement of a right, i.e., the filing of a motion to contest a petition for adoption. If the condition precedent is not met, the right of action is lost and the adoption may not be challenged. The legislative intent to take away a right of recovery is clear from the language utilized. Further, we note that this interpretation of I.C. § 31-19-9-18 is consistent with the objective of "avoiding unnecessary instability and uncertainty" in adoption proceedings. *Adoptive Parents of M.L.V. v. Wilkens*, 598 N.E.2d 1054, 1056 (Ind. 1992).

*Id.*

¶17 We find the Indiana Court of Appeals' reasoning persuasive and applicable to § 8-106(J) for two reasons. First, like the Indiana statute,

§ 8-106(J) requires the potential father to file and serve on the mother a paternity action in order to preserve his right to be notified of any subsequent proceeding regarding the child's adoption. The failure to satisfy this condition precedent divests the father of any further involvement in the adoptive proceedings. Second, consistent with the Indiana Court of Appeals' determination, Arizona courts have held that a statute of limitations may be waived and is subject to equitable principles whereas these concepts do not apply to a nonclaim statute or a statute of repose. *Supra* ¶ 14; *see Andra R Miller Designs LLC v. US Bank NA*, 244 Ariz. 265, 269 ¶ 11 (App. 2018) (explaining that a statute of limitations is a personal privilege that a party can waive); *Hosogai*, 145 Ariz. at 231–33 (discussing the applicability of equitable tolling to statutes of limitations), *superseded by* 1986 Ariz. Sess. Laws ch. 186, § 1 (2d Reg. Sess.); *Ader v. Estate of Felger*, 240 Ariz. 32, 39 ¶ 18 (App. 2016) ("Unlike a statute of limitations, a nonclaim statute is usu[ally] not subject to tolling and is not waivable." (quoting *In re Estate of Van Der Zee*, 228 Ariz. 257, 260 ¶ 18 (App. 2011))); *Sullivan v. Pulte Home Corp.*, 231 Ariz. 53, 58 ¶ 19–23 (App. 2012) (explaining that equitable tolling does not apply to the construction statute of repose); *Munoz v. Ashcroft*, 339 F.3d 950, 957 (9th Cir. 2003) (same (citing *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 363 (1991))).

**¶18**        Moreover, the plain language of § 8-106(J) indicates that it is a statute of repose. In interpreting a statute, our goal is to effectuate the legislature's intent. *SolarCity Corp. v. Ariz. Dep't of Revenue*, 243 Ariz. 477, 480 ¶ 8 (2018). "When the plain text of a statute is clear and unambiguous," it controls unless an absurdity or constitutional violation would result. *State v. Christian*, 205 Ariz. 64, 66 ¶ 6 (2003). The statute expressly states that a potential father must file a paternity action and "serve the mother within thirty days after" the mother serves notice of her intent to place the child for adoption or he waives his right to contest the adoption. Like the Indiana statute, § 8-106(J) "impose[s] a condition precedent to the enforcement of a right," making it a statute of repose rather than a statute of limitations. *See In re Adoption of K.M.*, 31 N.E.3d at 538. This interpretation is further bolstered by § 25-804's requirement that the court "dismiss any proceeding that is barred pursuant to § 8-106, subsection J."

**¶19**   Finally, this interpretation of § 8-106(J) as a strict deadline is consistent with Arizona's strong public policy favoring finality in adoptions. This Court has acknowledged that "prompt finality that protects the child's interests in a stable, permanent placement—either with a biological parent or an adoptive parent—is paramount." *Frank R. v. Mother Goose Adoptions*, 243 Ariz. 111, 115 ¶ 22 (2017). "The law favors rapid placement so that the child can bond with those who will be the legal parents and not with those from whom the child may be taken. This sound policy benefits the child, the natural parents, the prospective adoptive parents, and society." *Id.* (quoting *In re Pima Cnty. Juv. Severance Action No. S-114487*, 179 Ariz. 86, 97 (1994)).

**¶20**   Because § 8-106(J) is a statute of repose, it is not subject to equitable exceptions. Father's failure to timely file a paternity action is not excusable under principles of equitable relief, and the untimely filed action is barred as a matter of law.

**¶21**   This Court is not without sympathy for Father, but the clear meaning of the statute must prevail. Arizona's constitutional separation of powers prohibits us from "judicially amending" a statute to reach a particular result by interpreting its language to change an otherwise plain and unambiguous provision. *See* Ariz. Const. art. 3 (the Arizona Constitution divides the powers of government into three "separate and distinct" departments and directs that "no one of such departments shall exercise the powers properly belonging to either of the others"). This Court will not recast a statute under the guise of interpreting it to avoid an unpleasant result because such action would do violence to the law itself. If there is a remedy in these circumstances, it lies with the legislature. This Court is bound to apply the law as written and, therefore, we affirm the dismissal of Father's paternity action. In light of our decision, it is unnecessary for us to address Father's remaining arguments. In the exercise of our discretion, we decline to award Mother and Adoptive Couple attorney fees and legal costs.

**CONCLUSION**

**¶22**　　　　Father did not file a paternity action and serve it on Mother within thirty days of receiving the notice of adoption.  Therefore, pursuant to §§ 8-106 and 25-804, Father's consent was no longer required, and he waived his right to be notified of any proceeding related to the child's adoption.  The trial court did not err in granting the motion to dismiss his paternity action; the order dismissing Father's paternity action is affirmed.