**Mark SWIFT, Appellant–Plaintiff,**

**v.**

**STATE FARM INSURANCE COMPANY, Appellee–Defendant.**

No. 93A02–0402–EX–132.

Court of Appeals of Indiana.

Oct. 27, 2004.

Publication Ordered Dec. 15, 2004.

Charles E. Davis, Swift & Finlayson, Fort Wayne, IN, Attorney for Appellant.

Mark B. Baker, Orfanos & Alvarado, LLC, Eau Claire, WI, Attorney for Appellee.

## OPINION

ROBB, Judge.

After being injured in a work-related accident with Katherine Griffin, Mark Swift received compensation for his medical expenses and permanent partial impairment through his employer's worker's compensation insurer, State Farm Insurance Company ("State Farm"). Swift settled his subsequent lawsuit against Griffin, and State Farm requested repayment of the compensation it paid to Swift. After Swift refused to repay, State Farm filed an Application for Adjustment of Claim with the Indiana Worker's Compensation Board (the "Board"). The Board concluded that State Farm was entitled to repayment, and Swift appeals. We affirm.[1]

---

1. Because we affirm the Board's decision, we hereby deny State Farm's motion to exclude

*Issue*

Swift presents one issue for our review, which we restate as whether the Board properly accepted jurisdiction of State Farm's Application for Adjustment of Claim.

*Facts and Procedural History*

On March 5, 1999, Swift was involved in a work-related accident in which a vehicle driven by Griffin rear-ended Swift's vehicle. State Farm insured Swift's employer for worker's compensation purposes. Swift suffered injuries to his lumbar spine as a result of the accident. He subsequently sued Griffin for compensation of his injuries.

State Farm paid for the substantial medical care Swift required as a result of his injuries. In June 2000, Swift's treating physician, Dr. Michael Coscia, offered Swift three options for his lumbar spine injury: (1) live with the pain; (2) undergo an Intradiscal Electrothermal Therapy procedure ("IDET"); [2] or (3) undergo back surgery. Swift chose to undergo an IDET procedure, which was performed by Dr. Chakrapani Gupta on August 29, 2000.

On June 13, 2001, Dr. Gupta released Swift from his care and directed him to follow up with Dr. Coscia. On August 22, 2001, Dr. Coscia determined that Swift had reached maximum medical improvement for his injuries and concluded that Swift had a ten percent whole body impairment. Swift subsequently signed an agreement to receive $7,500.00 from State Farm for his permanent partial impairment. The Board approved the agreement on October 23, 2001.

On March 25, 2002, Swift settled his lawsuit with Griffin and her automobile insurance company for $50,000. When State Farm learned of the settlement, it requested reimbursement of the medical expenses it paid to Swift for his injuries. Swift refused to reimburse State Farm for the $7,500 it paid for his permanent partial impairment. As a result, on August 28, 2002, State Farm filed an Application for Adjustment of Claim with the Board, requesting a hearing for "a determination of benefits paid under the Indiana Worker's Compensation Act." Appellant's Appendix at A–1.

The Single Hearing Member concluded that State Farm was entitled to repayment of its compensation to Swift for his permanent partial impairment. Swift petitioned for review by the Full Board, which subsequently affirmed the Single Hearing Member's decision. The full Board entered the following findings of fact and conclusions of law:

*ISSUE*

The issue for determination by the Full Worker's Compensation Board of Indiana is:

1. Whether [State Farm] is entitled to have its lien paid ($31,300) in light of a third-party settlement.

[Swift's] position is that the permanent partial impairment payment of $7,500 to [Swift] does not equal part of [State Farm's] lien because it was paid after the expiration of the two-year statute of limitations.

[State Farm's] position is that under the [*Mem'l Hosp. v. Szuba*, 705 N.E.2d 519 (Ind.Ct.App.1999)] case

evidence contained in Swift's appendix that was not a part of the record below.

**2.** An IDET is a non-surgical procedure used to treat low back pain. A catheter is inserted into a disc in the lower back. The catheter is then heated to treat the injured disc. *See* www.lowbackpain.com/intradiscal.htm.

permanent partial impairment is a part of the case.

AND said Issues are accepted and approved by the undersigned and made a part of The Findings herein.

The Full Board, having heard the evidence, having reviewed the parties' post-hearing submissions, and having examined the entire file and being duly advised in the premises therein, now makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. While employed for [State Farm Swift] sustained a compensable injury on March 5th, 1999 when he was involved in an automobile accident.

2. No temporary total disability benefits were paid to [Swift].

3. [State Farm] paid [Swift's] medical bills until he reached maximum medical improvement, in the sum of approximately $23,800.

4. On August 22nd, 2001 [Swift] was released from care at maximum medical improvement with a ten percent PPI.

[State Farm] offered and [Swift] accepted payment of $7,500 for [Swift's] permanent partial impairment.

5. On March 25, 2002 [Swift] obtained a third-party settlement with the insurance company for the other driver involved in the automobile accident on March 5th, 1999.

6. [State Farm] placed [Swift] on written notice of its lien rights to any third-party settlement monies prior to [Swift's] settlement of his third-party suit.

However, contrary to [Indiana Code section] 22–3–2–13, [Swift] failed to provide [State Farm] with written notice of his third-party suit or obtain [State Farm's] approval of the settlement.

### CONCLUSIONS OF LAW

[State Farm's] Application for Adjustment of Claim was filed on August 28, 2002, more than two years after the date of [Swift's] injury.

Pursuant to the Act and current case law payment of permanent partial impairment benefits to the injured employee is a part of the employer's lien and subject to reimbursement under the third-party settlement.

To rule otherwise would give the injured employee double recovery, which is not permitted under the Act.

Further, [Indiana Code section] 22–3–3–3 states a claim for benefits must be filed within two years.

In the present case [State Farm] is seeking reimbursement of its lien and no prejudice due to lack of notice can be claimed by [Swift.]

He was aware he was paid and the law states the employer is entitled to a lien on the payment made.

WHEREFORE, [Swift] is ordered to satisfy [State Farm's] lien in toto, approximately $31,300 reduced by [State Farm's] pro rata share of costs and reasonably necessary expenses of the third-party suit.

Appellant's Appendix at A–44–48. Swift now appeals the full Board's decision.

### Discussion and Decision

#### I. Standard of Review

On an appeal from a decision of the full Board, we are bound by the Board's findings of fact and may only consider errors in the Board's conclusions of law. *Cavazos v. Midwest Gen. Metals Corp.*, 783 N.E.2d 1233, 1239 (Ind.Ct.App. 2003). Because Swift raises a question of

law, however, our standard of review is de novo. *Stytle v. Angola Die Casting Co.*, 783 N.E.2d 316, 320 (Ind.Ct.App.2003), *aff'd after remand,* 806 N.E.2d 339 (Ind.Ct.App. 2004), *trans. denied.*

## II. Proper Acceptance of Jurisdiction

■ Swift contends the Board erred in accepting jurisdiction over State Farm's petition. More specifically, Indiana Code section 22–3–3–3 states, "The right to compensation under [the Indiana Worker's Compensation Act] shall be forever barred unless within two (2) years after the occurrence of the accident ... a claim for compensation thereunder shall be filed with the worker's compensation board." Thus, Swift argues that because State Farm did not file its Application for Adjustment of Claim until August 28, 2002, over three years after the date of the accident, the Board did not have jurisdiction to hear State Farm's petition.

State Farm counters that it filed its petition with the Board to request a determination of the amount of its lien for purposes of reimbursement under Indiana Code section 22–3–2–13[3], which does not expressly state a deadline for filing such petitions. Therefore, State Farm argues that the Board properly accepted jurisdiction because Indiana Code section 22–3–3–3 and its time bar to filing applications did not apply.

We agree with State Farm. On its Application for Adjustment of Claim, State Farm requested a hearing with the Board for the following reason: "The employer and its worker's compensation insurance carrier request a determination of benefits paid under the Indiana Worker's Compensation Act." Appellant's Appendix at A–1. Indiana Code section 22–3–3–3 states, *"The right to compensation* under [the Indiana Worker's Compensation Act] shall be forever barred unless within two (2) years after the occurrence of the accident ... a claim for compensation thereunder shall be filed with the worker's compensation board." (Emphasis added). In its petition, State Farm did not request compensation; instead, it requested a hearing to determine the amount of the lien it was entitled to for compensation it had already paid to Swift. Therefore, Indiana Code section 22–3–3–3 was not applicable to State Farm's petition.

### Conclusion

Because State Farm's petition falls under Indiana Code section 22–3–2–13, we hold the Board properly accepted jurisdiction. Therefore, we affirm the Board's decision.

Affirmed.

SHARPNACK, J., and DARDEN, J., concur.

### ORDER

On October 27, 2004, the Court handed down its opinion in this appeal marked Memorandum Decision, Not for Publication. The Appellee, by counsel, has filed a Verified Motion to Publish Memorandum Decision. The Appellee states that this decision clarifies the relationship between lien recovery and the statute of limitations

---

**3.** Indiana Code section 22–3–2–13 states, in pertinent part:

If the injured employee or his dependents shall agree to receive compensation from the employer or the employer's compensation insurance carrier or to accept from the employer or the employer's compensation insurance carrier, by loan or otherwise, any payment on account of the compensation, or institute proceedings to recover the same, the employer or the employer's compensation insurance carrier shall have a lien upon any settlement award, judgment or fund out of which the employee might be compensated from the third party.

under the Indiana Worker's Compensation Act. Having considered the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. The Appellee's Verified Motion to Publish Memorandum Decision is GRANTED and this Court's opinion heretofore handed down in this cause on October 27, 2004, marked Memorandum Decision, Not for Publication is now ORDERED PUBLISHED.

All Panel Judges concur.