John R. DANIELSON, M.D., Appellant,

v.

PRATT INDUSTRIES, INC., d/b/a Jet Corrugation Division, Appellee.

No. 93A02–0510–EX–1005.

Court of Appeals of Indiana.

March 6, 2006.

Publication Ordered April 7, 2006.

John L. Kelly, Jr., Merrillville, for Appellant.

Mark B. Barker, Orfanos & Alvarado, LLC, Fortville, for Appellee.

## OPINION

RILEY, Judge.

### *STATEMENT OF THE CASE*

Appellant–Plaintiff, John R. Danielson, M.D. (Dr. Danielson), appeals the dismissal of his Application for Adjustment of Claim for Provider Fee by the Worker's Compensation Board in favor of Appellee–Defendant, Pratt Industries, Inc. (Pratt).

We affirm.

### *ISSUE*

Dr. Danielson raises three issues on appeal, which we consolidate into one issue and restate as: Whether the Workers' Compensation Board erred in determining that it did not have jurisdiction over Dr. Danielson's Application for Adjustment of Claim for Provider Fee.

### *FACTS AND PROCEDURAL HISTORY*

On May 1, 2003, Dr. Danielson filed an Application For Adjustment Of Claim For Provider Fee (Application) with the Indiana Worker's Compensation Board (the Board) alleging that Pratt owed him $2,357.50 for emergency medical services performed on Huang Tien Hsiao (Tien

Hsiao). On March 30, 2005, Dr. Danielson and Pratt stipulated to the following facts:

1. [Tien Hsiao] suffered an injury on June 24, 2000.[1]

2. [Dr. Danielson] provided medical [treatment] to [Tien Hsiao] on June 24, 2000.

3. [Tien Hsiao] did not file an Application for Adjustment of Claim with the Indiana Worker's Compensation Board on or before June 24, 2000. In fact, [Tien Hsiao] has never filed such an application with the Board.

4. [Pratt] has never paid any compensation under the [Worker's Compensation] Act to [Tien Hsiao], as [Pratt] alleges [Tien Hsiao] was never an employee of [Pratt].

5. [Dr. Danielson] alleges [Tien Hsiao] is an employee of [Pratt], as well as an employee of his Republic of China company, Tien Chin Yu Manufacturing Company.

6. [Dr. Danielson] filed [h]is [Application] on May 1, 2003.

. . .

(Appellant's App. pp. 1–2). On the same day, a single member Board hearing was held. Following the hearing, the hearing judge took the matter under advisement. On April 15, 2005, the hearing judge found in favor of Pratt and issued the following Findings of Fact and Conclusions of Law:

. . .

1. It is further found that the [Board] lacks jurisdiction to interpret and enforce [Ind.Code] § 34–11–2–7 as requested by [Dr. Danielson].

2. It is further found that [Tien Hsiao] did not file an Application for Adjustment of Claim within the required two (2) years from June 24, 2000, and thus any claim filed by [Tien Hsiao] would be time barred by I.C. § 22–3–3–3.

3. It is further found that since [Tien Hsiao] did not timely file his application and since the Board would lack jurisdiction over any claim by [Tien Hsiao], the Board lacks jurisdiction to entertain [Dr. Danielson]'s [Application].

4. It is further found that [Dr. Danielson]'s [Application] is hereby dismissed, and [Dr. Danielson] shall take nothing by his application filed herein.

(Appellant's App. pp. 3–4).

On May 9, 2005, Dr. Danielson filed his request for a hearing before the full Board. This hearing was held on August 20, 2005, following which the Board took the matter under advisement. On September 2, 2005, the Board adopted the single hearing member's findings and conclusions and affirmed the single hearing member's decision in favor of Pratt.

Pratt now appeals.

### DISCUSSION AND DECISION

■ Dr. Danielson contends that the Board erred in determining that it did not

---

1. The record is unclear as to where and how Tien Hsiao suffered his injury. Dr. Danielson includes in his Appendix, Exhibit 6, which is a letter describing where Tien Hsiao received his injury. However, Pratt asks us to strike this letter from the Appendix because it was never presented during either of the Board hearings. In his reply brief, Dr. Danielson argues that Exhibit 6 should not be striken because it was included as part of his Memo-randum In Support Of Motion For Default Judgment (Motion) filed on November 29, 2004. However, Dr. Danielson did not include that Motion in his Appendix nor did he introduce Exhibit 6 at either of the Board hearings. Accordingly, because evidence cannot be submitted for the first time on appeal, we grant Pratt's request. See Saler v. Irick, 800 N.E.2d 960, 970 n. 7 (Ind.Ct.App.2003).

have jurisdiction to entertain his Application. Specifically, Dr. Danielson appears to argue that the two-year time limitation in I.C. § 22–3–3–3 does not apply to applications for medical provider fees, therefore, his claim should be subjected to the six-year time limitation under I.C. § 34–11–2–7 and he should be reimbursed accordingly. We find Dr. Danielson's argument to be misplaced.

■■■ Our standard of review in worker's compensation cases is well settled. This court is bound by the factual determinations of the Board, and we will not disturb them unless the evidence is undisputed and leads inescapably to a contrary result. *Bowles v. General Elec.*, 824 N.E.2d 769, 772 (Ind.Ct.App.2005), *trans. denied.* Furthermore, it is the claimant's burden to prove a right to compensation under the Worker's Compensation Act. *Id.* In reviewing a decision made by the Board, we will neither reweigh the evidence nor assess the credibility of the witnesses. *Id.* While this court is not bound by the Board's interpretations of law, we will reverse the Board's decision only if the Board incorrectly interpreted the Act. *Id.* Inasmuch as there are no disputes regarding the facts in this case, we review only the question of law.

■■■ Our review of the record reveals that the Board never determined that Dr. Danielson's claim was time barred pursuant to I.C. § 22–3–3–3. Rather, the Board dismissed Dr. Danielson's claim because Tien Hsiao never filed a claim for Worker's Compensation upon which Dr. Danielson could base his claim.[2] In order to collect the costs of reasonable medical services from the "Employer" a physician

must provide services, treatment, or supplies to an "Employee." *See* I.C. §§ 22–3–3–4(d), 22–3–6–1(i). In the instant case, at no point in either of the Board hearings was a determination made that Tien Hsiao was an "Employee" of Pratt, or that Pratt was the "Employer" of Tien Hsiao as those definitions are codified in I.C. § 22–3–6–1(a) and (b). Without those determinations being made, Dr. Danielson does not qualify as a "Medical Service Provider." *See* I.C. § 22–3–6–1(i). Dr. Danielson failed to file this Application, seeking to have the Board reimburse him for medical costs, without first determining that Pratt was the employer of Tien Hsiao, or that Tien Hsiao was the employee of Pratt, as required under the Worker's Compensation Act. Claims which do not meet any one of the jurisdictional prerequisites do not fall within the Act and may be pursued in court. *Perry v. Stitzer Buick GMC, Inc.*, 637 N.E.2d 1282, 1285 (Ind.1994), *reh'g denied.* Procedurally, Dr. Danielson should have brought a civil action against Tien Hsiao for any medical costs. Accordingly, we conclude that the Board did not err in dismissing Dr. Danielson's Application for lack of jurisdiction.

### CONCLUSION

Based on the foregoing, we conclude that the Board did not err in dismissing Dr. Danielson's Application.

Affirmed.

SHARPNACK, J., and BARNES, J., concur.

---

**2.** The Board also determined that it did not have jurisdiction to address whether Danielson could bring his claim under I.C. § 34–11–2–7. Although it is irrelevant whether Danielson should be given more time to file his application, the Board did not err in its finding because nowhere in I.C. § 22–3–1–3 is the Board delegated authority to increase the two year time limitation for filing claims found in I.C. § 22–3–3–3.