**INDIANA SPINE GROUP, PC,**
**Appellant–Plaintiff,**

v.

**PILOT TRAVEL CENTERS, LLC,**
**Appellee–Defendant.**

No. 93A02–1003–EX–315.

Court of Appeals of Indiana.

Aug. 10, 2010.

---

Frederick D. Emhardt, Shelley M. Jackson, Colin E. Connor, Plews Shadley Racher & Braun LLP, Indianapolis, IN, Attorney for Appellant.

Lisa M. Dillon, Robert J. Doyle, Due Doyle Fanning, LLP, Indianapolis, IN, Attorney for Appellee.

## OPINION

FRIEDLANDER, Judge.

Indiana Spine Group, PC (ISG) appeals the dismissal of its Application for Adjustment of Claim for Provider Fee (the Application) by the Worker's Compensation Board (the Board) in favor of Pilot Travel Centers, LLC (Pilot). ISG presents two issues on appeal, which we consolidate and restate as follows: Did the Board err in determining that it did not have jurisdiction because the Application was filed outside the statute of limitations set out in the Worker's Compensation Act (the Act)?

We reverse and remand.

On August 23, 2003, Anthony Wetnight sustained a work-related injury while employed by Pilot. Pilot paid statutory disability benefits to Wetnight from September 12, through August 26, 2005. Pilot eventually entered into an agreement with Wetnight to pay a 25% impairment rating to the person as a whole, which was payable at a rate of $227.19 per week through August 27, 2006, for a total PPI payment of $35,500.

As part of the compensable claim, Pilot provided medical treatment to Wetnight through ISG. He received said treatment, which had been authorized by Pilot, on July 8, and October 20, 2004. ISG subsequently billed Pilot $6219 for the July date of service and $32,265 for the October date of service. Pilot issued payments on these

bills on October 22 and 29, 2004, December 10, 2004, February 21, 2008, and June 12, 2008. In sum, Pilot paid a total of $16,733.04, leaving a remaining unpaid balance of $21,750.96.

On June 17, 2009, ISG filed the instant Application seeking the balance owed. Pilot responded with a motion to dismiss the Application arguing that it was filed outside the statute of limitations set forth in Ind.Code Ann. § 22–3–3–27 (West, Westlaw through 2010 2nd Regular Sess.). Specifically, Pilot claimed that the Application was required to be filed within two years of the date compensation was last paid to Wetnight. Thus, according to Pilot, ISP should have filed the Application on or before August 27, 2008.

On October 28, 2009, a single hearing member of the Board dismissed the cause for lack of jurisdiction. ISG timely filed an application for review by the Full Board. Following a hearing, the Full Board issued an order, on February 17, affirming the single hearing member's decision and finding that the Application was barred by the two-year statute of limitations set out in I.C. § 22–3–3–27. ISG now appeals.

■ On an appeal from a decision of the Full Board, we are bound by the Board's findings of fact and may consider only errors in the Board's conclusions of law. *Swift v. State Farm Ins. Co.*, 819 N.E.2d 389 (Ind.Ct.App.2004). Because ISG raises a question of law, however, our standard of review is de novo. *Id.*

■ The Act sets forth two statutes of limitations. The first involves the initiation of a worker's compensation claim. In this regard, I.C. § 22–3–3–3 (West, Westlaw through 2010 2nd Regular Sess.) provides in relevant part as follows:

The right to compensation under IC 22–3–2 through IC 22–3–6 shall be forever barred unless within two (2) years after the occurrence of the accident, or if death results therefrom, within two (2) years after such death, a claim for compensation thereunder shall be filed with the worker's compensation board....

Thus, an injured employee must initiate a claim for TTD benefits, PPI benefits, and/or medical services within two years of the work-related accident. *See Colburn v. Kessler's Team Sports*, 850 N.E.2d 1001 (Ind.Ct.App.2006), *trans. denied*. In the instant case, there is no dispute that Wetnight timely sought benefits under the Act or that he presented a compensable injury claim. *Cf. Danielson v. Pratt Industries, Inc.*, 846 N.E.2d 244 (Ind.Ct.App.2006) (application for adjustment of claim for provider fee dismissed where patient had never filed a claim for benefits under the Act and an employer/employee relationship between patient and Pratt, which Pratt denied existed, had never been determined). Therefore, I.C. § 22–3–3–3 does not bar ISG's claim.

■ We now turn to I.C. § 22–3–3–27, the statute upon which the Board dismissed ISG's claim. That statute provides in relevant part:

(a) The power and jurisdiction of the worker's compensation board over each case shall be continuing and from time to time it may, upon its own motion or upon the application of either party, on account of a change in conditions, make such modification or change in the award ending, lessening, continuing, or extending the payments previously awarded ... as it may deem just....

(b) Upon making any such change, the board shall immediately send to each of the parties a copy of the modified award. No such modification shall affect the previous award as to any money paid thereunder.

(c) The board shall not make any such modification upon its own motion nor shall any application therefor be filed by either party after the expiration of two (2) years from the last day for which compensation was paid. . . .

Thus, I.C. § 22–3–3–27 establishes a two-year statute of limitations for the "modification" of an award due to a "change in conditions". This two-year period begins to run on the last day for which compensation (that is, TTD or PPI benefits) was paid to the injured employee, which in this case was August 27, 2006. Thus, if the statute of limitations applies to ISG's claim, the deadline for filing said claim would have been August 27, 2008. We conclude, however, that the statute does not apply in this case.

■ Here, there were no changed conditions requiring a modification of the award of worker's compensation benefits to Wetnight. As set forth above, there is simply no question that Wetnight was entitled to benefits under the Act, including the medical care provided by ISG, which was authorized by Pilot. The issue presented by the Application is the amount of ISG's bills that Pilot must pay (in other words, the pecuniary liability of the employer), not whether the bills must be paid at all. *See Washington Twp. Fire Dep't v. Beltway Surgery Ctr.*, 911 N.E.2d 590 (Ind.Ct.App. 2009), *adopted by* 921 N.E.2d 825 (Ind. 2010). The Act is silent on the statute of limitations applicable to claims involving the pecuniary liability of employers to medical service providers.[1] *Cf. Swift v.*

*State Farm Ins. Co.*, 819 N.E.2d 389 (concluding that the Act did not provide a deadline for an employer to file an application for adjustment of claim to determine the amount of its lien against an employee's third-party settlement proceeds).

We reject Pilot's invitation to apply the statute of limitations set out in I.C. § 22–3–3–27, which by its plain language is not applicable here. In fact, application in this context could lead to absurd results. I.C. § 22–3–3–4(c) (West, Westlaw through 2010 2nd Regular Sess.) provides that within the statutory period for modification/review set out in I.C. § 22–3–3–27, "the employer may continue to furnish a physician or surgeon and other medical services and supplies, and the [Board] may . . . require that treatment by that physician and other medical services and supplies be furnished by and on behalf of the employer as the [Board] may deem necessary to limit or reduce the amount and extent of the employee's impairment. . . ." Thus, as specifically envisioned by the statute, an employee could very well receive medical services up to the end of the two-year statutory period. Under the position advocated by Pilot, the medical service provider would then have little or no time to enforce its right to payment for said services. The Legislature could not have intended such a result, one that would leave medical service providers little incentive to treat injured workers under the Act once an employee's PPI has been established.

---

1. The Act sets forth an 80th percentile standard pursuant to which an employer is required to pay to medical service providers only amounts "equal to or less than the charges made by medical service providers at the eightieth percentile in the same community for like services or products." I.C. § 22–3–6–1(j) (West, Westlaw through 2010 2nd Regular Sess.). When a medical service provider files an application with the Board seeking the balance of billed services, the burden of proof on whether the bill exceeds the 80th percentile standard is with the employer of the injured employee (or the employer's insurance carrier), not the medical service provider. *Washington Twp. Fire Dep't v. Beltway Surgery Ctr.*, 911 N.E.2d 590.

Moreover, we fail to see the wisdom of tying a medical service provider's ability to seek full payment due under the Act to the last date for which the employee received compensation. While a medical service provider is able to determine the date of an injured employee's accident, the provider does not generally have ready access to the dates of compensation to the employee, which vary widely from case to case. Rather, a statute of limitations for claims like that asserted by ISG would seem to be more appropriately related to the date of service. We leave that decision, however, as well as the appropriate length of the limitations period, for the Legislature.

The Full Board erred in dismissing ISG's claim pursuant to I.C. § 22–3–3–27. On remand, ISG shall be entitled to a determination on the merits of its application for adjustment of claim for provider fee.

Reversed and remanded.

BARNES, J., and CRONE, J., concur.