INDIANA SPINE GROUP, P.C.,
Appellant–Plaintiff,

v.

INTERNATIONAL ENTERTAINMENT
CONSULTANTS, Appellee–
Defendant.

No. 93A02–1007–EX–764.

Court of Appeals of Indiana.

Jan. 14, 2011.

Frederick D. Emhardt, Shelley M. Jackson, Colin E. Connor, Plews Shadley Racher & Braun LLP, Indianapolis, IN, Attorneys for Appellant.

Libby Valos Moss, Mark D. Gerth, Kightlinger & Gray, LLP, Indianapolis, IN, Attorneys for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

Indiana Spine Group, P.C. ("Indiana Spine"), provided medical services to an employee of International Entertainment Consultants ("Consultants"). When Consultants' insurer failed to pay the entire bill, Indiana Spine filed an application for adjustment of claim with the Worker's Compensation Board ("the Board"). Consultants moved to dismiss the application, arguing it was barred by the two-year statute of limitations found in Indiana Code Section 22–3–3–3. A single hearing member granted the motion, and the full Board affirmed. We conclude that Indiana Code Section 22–3–3–3 does not apply to Indiana Spine's claim; therefore, we reverse and remand for further proceedings.

### Facts and Procedural History

On June 27, 2005, Michael Webb suffered an accidental injury arising out of and occurring in the course of his employment with Consultants. Indiana Spine provided medical services and supplies to

Webb, for which it charged $16,132.00. On August 17, 2006, Consultants insurer paid $10,029.86 to Indiana Spine.

On April 8, 2009, Indiana Spine filed an application for adjustment of claim with the Board, seeking to be paid for the entire amount that it had charged for the services provided to Webb. Consultants filed a motion to dismiss, arguing that Indiana Spine's claim was barred by a two-year statute of limitation found in Indiana Code Section 22–3–3–3. A single hearing member granted the motion to dismiss.

On March 19, 2010, Indiana Spine applied for review by the full Board. The Board affirmed the decision of the single hearing member. The Board reasoned that the medical provider's fee claim is derivative of the underlying injury claim, and the Board declined to apply any of the general statutes of limitation found in Indiana Code chapter 34–11–2. Indiana Spine now appeals.

### Discussion and Decision

■ On appeal from a decision of the Board, we are bound by the Board's findings of fact and may only consider errors in the Board's conclusions of law. *Swift v. State Farm Ins. Co.*, 819 N.E.2d 389, 391 (Ind.Ct.App.2004). In this case, the facts are undisputed, and we are presented solely with a question of law: whether the statute of limitation in Indiana Code Section 22–3–3–3 bars Indiana Spine's claim. Our standard of review, therefore, is de novo. *See Id.* at 391–92 (question of law is reviewed de novo). Where, as here, the facts are not in dispute, "we do not grant the same degree of deference to the Board's decision as we would if the issue were of fact, because law is the province of the judiciary and our constitutional system empowers the courts to draw legal conclusions." *Casper v. L.E. Isley & Sons, Inc.*, 876 N.E.2d 776, 779 (Ind.Ct.App.2007). When interpreting a statute, we presume

that the legislature intended for the language of the statute to be applied logically, so as to avoid unjust or absurd results. *Larson v. Portage Township Sch. Corp.*, 856 N.E.2d 100, 103 (Ind.Ct.App.2006).

Recently, in *Indiana Spine Group v. Pilot Travel Centers*, we concluded that the Worker's Compensation Act ("Act") is "silent on the statute of limitations applicable to claims involving the pecuniary liability of employers to medical service providers." 931 N.E.2d 435, 438 (Ind.Ct.App. 2010), *trans. pending.* *Pilot* involved essentially the same factual scenario at issue in this case. An employee who was injured while working for Pilot received treatment from Indiana Spine. Pilot made only a partial payment to Indiana Spine, and Indiana Spine filed an application seeking the balance owed. Pilot argued that the statute of limitations had run, and the Board agreed.

We noted that the Act contains two statutes of limitations, Indiana Code Sections 22–3–3–3 and –27. Indiana Code Section 22–3–3–3 provides, in relevant part:

> The right to compensation under IC 22–3–2 through IC 22–3–6 shall be forever barred unless within two (2) years after the occurrence of the accident, or if death results therefrom, within two (2) years after such death, a claim for compensation thereunder shall be filed with the worker's compensation board.

Indiana Code Section 22–3–3–27 provides that the Board may not modify an award after the expiration of two years from the last day for which compensation was paid. We concluded that neither of these statutes of limitation applied to a medical service provider's claim for pecuniary liability.

Consultants agrees that Indiana Code Section 22–3–3–27 does not apply and observes that the Board did not rely on that section in affirming the dismissal of

Indiana Spine's claim. Appellee's Br. at 6. However, Consultants argues that *Pilot* was wrongly decided and that Indiana Code Section 22–3–3–3 does apply to a medical service provider's claim. In *Pilot,* we described the application of Indiana Code Section 22–3–3–3 as follows:

> [A]n injured employee must initiate a claim for TTD benefits, PPI benefits, and/or medical services within two years of the work-related accident. *See Colburn v. Kessler's Team Sports,* 850 N.E.2d 1001 (Ind.Ct.App.2006), *trans. denied.* In the instant case, there is no dispute that [the employee] timely sought benefits under the Act or that he presented a compensable injury claim. *Cf. Danielson v. Pratt Industries, Inc.,* 846 N.E.2d 244 (Ind.Ct.App.2006) (application for adjustment of claim for provider fee dismissed where patient had never filed a claim for benefits under the Act and an employer/employee relationship between patient and Pratt, which Pratt denied existed, had never been determined). Therefore, I.C. § 22–3–3–3 does not bar [the medical service provider's] claim.

931 N.E.2d at 437.

Consultants argues that the plain language of Indiana Code Section 22–3–3–3 makes it applicable to all claims for compensation under the Act and that, pursuant to *Colburn,* medical services are included in the term "compensation." Bill Colburn injured his back during the course and scope of his employment with Kessler's Team Sports. Kessler's insurer accepted Colburn's claim as compensable and provided him with medical care. Colburn returned to work less than one week after his injury; therefore, he was not entitled to temporary total disability benefits and he did not enter into an agreement regarding compensation. Nevertheless, the insurer continued to pay for Colburn's medical expenses. Eventually, Colburn determined that he wanted to undergo surgery to alleviate his back pain, but the insurer refused to authorize surgery. Colburn filed an application for adjustment of his claim only after authorization for surgery was denied, which was more than two years after the accident. Colburn's application was dismissed, and we affirmed.

On appeal, Colburn argued that our case law established that the Act makes a distinction between P.P.I. and T.T.D. benefits and medical services and that medical services are not included in the term "compensation" as that term is used in the Act. *See Berry v. Anaconda Corp.,* 534 N.E.2d 250, 253 (Ind.Ct.App.1989). In *Colburn,* we limited the application of *Berry* and concluded that Indiana Code Section 22–3–3–3 does apply to an employee's claim for medical services as well as other compensation. *Colburn,* 850 N.E.2d at 1005–06.

Indiana Spine contends that *Colburn* is distinguishable because Colburn sought authorization for additional medical treatment more than two years after the date of injury, whereas the services that Indiana Spine provided to Webb were authorized within the proper timeframe. Regardless of whether medical services are considered part of an employee's "compensation," a medical provider does not receive "compensation." The Act refers to an employer's liability to a medical provider as "pecuniary liability." *See* Ind.Code § 22–3–6–1(j) (defining "pecuniary liability" as "the responsibility of an employer or the employer's insurance carrier for the payment of the charges for each specific service or product for human medical treatment provided under IC 22–3–2 through IC 22–3–6 in a defined community, equal or less than the charges made by medical service providers at the eightieth

percentile in the same community for like services or products").

*Pilot* is also consistent with the way the term "compensation" was used in *Swift*. Swift was involved in a work-related car accident, and the employer's insurer, State Farm, paid for Swift's medical care. Swift sued the other driver involved in the accident and obtained a settlement. State Farm requested reimbursement for the medical expenses that it paid, but Swift refused, contending that the statute of limitations in Indiana Code Section 22–3–3–3 applied. The Board concluded that that section did not apply to the insurer's lien, and we agreed: "In its petition, State Farm did not request compensation; instead, it requested a hearing to determine the amount of the lien it was entitled to for compensation it had already paid to Swift." 819 N.E.2d at 392. Thus, in *Swift*, we recognized that compensation is an amount paid to an employee and that Indiana Code Section 22–3–3–3 does not apply to claims that are not seeking compensation.

Consultants cites no authority suggesting that "pecuniary liability" is included within the term "compensation." On the contrary, treating these terms as interchangeable would produce illogical and unjust results. In *Pilot*, we noted that the Act "specifically envisioned" that "an employee could very well receive medical services up to the end of the two-year statutory period." 931 N.E.2d at 438. In such a case, "the medical service provider would then have little or no time to enforce its right to payment for said services." *Id.* Although *Pilot* was discussing the two-year period in Indiana Code Section 22–3–3–27, the reasoning applies with equal force to Section 22–3–3–3. As in *Pilot*, we "fail to see the wisdom of tying a medical service provider's ability to seek full payment due under the Act" to a date that has no significance to the medical service provider's claim. 931 N.E.2d at 439. "Rath-

er, a statute of limitations for claims like that asserted by [Indiana Spine] would seem to be more appropriately related to the date of service." *Id.*

Indiana Spine argues that because the Act is silent as to the appropriate statute of limitations, we should look to Indiana Code Chapter 34–11–2, which establishes the statutes of limitation that are generally applicable in civil cases. The Board concluded that the statutes of limitation in Chapter 34–11–2

> govern general civil actions which are beyond the jurisdiction of this Board. The Indiana Worker's Compensation Board is not empowered to interpret and apply statutes beyond those contained in the Indiana Worker's Compensation Act, nor is it empowered to increase the two year time limitation for filing claims found IC 22–3–3–3.

Appellant's App. at 8. The Board cited *Danielson*, apparently referring to footnote two, in which we stated that "nowhere . . . is the Board delegated authority to increase the two year time limitation for filing claims found in I.C. § 22–3–3–3." 846 N.E.2d at 247 n. 2. However, we have determined that Indiana Code Section 22–3–3–3 is not applicable in this case; therefore, the Board would not be "increasing" the time limit by allowing Indiana Spine's case to proceed. Consultants cites several cases for the proposition that the Board is not *bound* by anything in the civil code or common law, *see, e.g., Wawrinchak v. United States Steel Corp., Gary Works,* 148 Ind.App. 444, 448–49, 267 N.E.2d 395, 398 (1971); however, neither Consultants nor the Board cited any authority establishing that the Board is *prohibited* from considering general principles of civil law when the Act fails to provide the answer to a legal issue. Presumably, the legislature enacted the general statutes of limitation for the very purpose of supplying a statute of limitation when one has not otherwise

been provided by a more specific statutory scheme.[1]

Indiana Spine argued to the Board that either the six-year statute of limitation for actions on accounts or the ten-year statute of limitation for actions that are not limited by any other statute should apply. Ind. Code §§ 34–11–1–2 and 34–11–2–7. As Indiana Spine's claim would be timely under either of those statutes of limitation and no argument has been advanced for the application of any other statute of limitation, we conclude that the Board erred by dismissing the application. Therefore, we reverse and remand for further proceedings.

Reversed and remanded.

KIRSCH, J., and BRADFORD, J., concur.

---

**1.** Indiana Spine notes that Senate Bill 559 in 2009 would have established a two-year statute of limitation running from the last date that the provider provides services to an injured employee; however, that bill did not pass. We decline to speculate on the legislature's intent based on the content of a bill that failed to pass.