**INDIANA SPINE GROUP, P.C.,**
Appellant–Plaintiff,

v.

**HANDLEMAN COMPANY,**
Appellee–Defendant.

No. 93A02–1008–EX–932.

Court of Appeals of Indiana.

Feb. 18, 2011.

Frederick D. Emhardt, Shelly M. Jackson, Colin E. Connor, Plews Shadley Racher & Braun, LLP, Indianapolis, IN, Attorneys for Appellant.

Libby Valos Moss, Mark D. Gerth, Kightlinger & Gray, LLP, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAKER, Judge.

Here, after an employee was injured at work, she received treatment from a medical service provider that was approved by her employer. Subsequently, the employer's worker's compensation insurer tendered only a partial payment to the medical service provider. As a result, the medical service provider filed an application seeking full payment that was eventually dismissed as time barred by statute. The medical service provider appeals the dismissal of its application and we reverse and remand.

Appellant-plaintiff Indiana Spine Group, P.C. (ISG) appeals from the Indiana Worker's Compensation Board's (the "Board") dismissal of its Application for Adjustment of Claim for Provider Fee (Application) as time barred pursuant to Indiana Code section 22–3–3–3 or, in the alternative, Indiana Code section 22–3–3–27 under the Indiana Worker's Compensation Act (the "Act"). ISG contends that its claim is not time barred because the statutes of limitation in the Act apply to an injured worker's right to compensation and not to its claim for pecuniary liability. Concluding that the statutes of limitation in the Act only apply to claims of compensation and that ISG's claim seeks recovery for pecuniary liability, we reverse and remand for further proceedings.

## FACTS

On September 23, 2004, Darlene Wilkerson sustained a work-related injury while employed by Handleman Company (Handleman). Wilkerson was provided statutory medical benefits and paid temporary total disability benefits until the benefits were terminated on May 22, 2005. Wilkerson received medical treatment for her injury from ISG on February 11, 2005. Following treatment, ISG billed Handleman's worker's compensation insurer, AIG, a total of $15,690, but AIG issued payment in the amount of $9,453.75, leaving $6,236.25 in unpaid fees.

On June 17, 2009, ISG filed its Application with the Board, seeking recovery of the unpaid fees. On November 9, 2009, Handleman filed a motion to dismiss, alleging that ISG's Application was time barred by Indiana Code sections 22–3–3–3 and 22–3–3–27. Following a single-member hearing on February 24, 2010, where no witnesses testified and no evidence was admitted, Handleman's motion to dismiss was granted.

On March 26, 2010, ISG requested review by the full Board, which heard arguments on June 29, 2010, but no evidence was admitted and no witnesses testified. On July 27, 2010, the full Board issued an order affirming the single member's decision. ISG now appeals.

## DISCUSSION AND DECISION

### I. Standard of Review

In this case, the facts are undisputed. Accordingly, the Board's decision to grant Handleman's motion to dismiss was based entirely on statutory interpretation. When reviewing the Board's interpretation of law, "an appellate court employs a deferential standard of review to the interpretation of a statute by an administrative agency charged with its enforcement in light of its expertise in the given area." *Christopher R. Brown, D.D.S., Inc., v. Decatur Cnty. Mem'l Hosp.,* 892 N.E.2d 642, 646 (Ind.2008). "The Board will only be reversed if it incorrectly interpreted the Worker's Compensation Act." *Id.* Nevertheless, "the Act must be liberally construed to effectuate its humane purposes and doubts in the application of terms are to be resolved in favor of the employee." *Jones v. Ind. Farmers Mut. Ins. Co.,* 926 N.E.2d 116, 120 (Ind.Ct.App.2010).

### II. The Act

The Act contains two statutes of limitation, Indiana Code sections 22–3–3–3 (Section 3) and 22–3–3–27 (Section 27). ISG argues that its Application is not time barred by either statute. More particularly, ISG contends that it is not making a claim for "compensation" as that term is used in the Act, but rather, it is seeking recovery for "pecuniary liability" for medical services that ISG provided and that Handleman approved. Appellant's Br. p. 10. Section 3 provides in relevant part:

The right to compensation under IC 22–3–2 through IC 22–3–6 shall be forever barred unless within two (2) years after the occurrence of the accident, or if death results therefrom, within two (2) years after such death, a claim for compensation thereunder shall be filed with the worker's compensation board.

Put another way, "an injured employee must initiate a claim for TTD benefits, PPI benefits, and/or medical services within two years of the work-related accident." *Ind. Spine Grp., PC v. Pilot Travel Ctrs., LLC,* 931 N.E.2d 435, 437 (Ind.Ct.App. 2010), *trans. granted.*

And Section 27 provides in relevant part:

(a) The power and jurisdiction of the worker's compensation board over each case shall be continuing and from time to time it may, upon its own motion or upon the application of either party, on account of a change in conditions, make such modification or change in the award ending, lessening, continuing, or extending the payments previously awarded ... as it may deem just....

(b) Upon making any such change, the board shall immediately send to each of the parties a copy of the modified award. No such modification shall affect the previous award as to any money paid thereunder.

(c) The board shall not make any such modification upon its own motion nor shall any application therefor be filed by either party after the expiration of two (2) years from the last day for which compensation was paid....

In short, Section 27 "establishes a two-year statute of limitations for 'modification' of an award due to a 'change in conditions.'" *Pilot Travel,* 931 N.E.2d at 438 (quoting I.C. § 22–3–3–27).

Recently, in *Pilot Travel,* a panel of this Court determined that "[t]he Act is silent on the statute of limitations applicable to claims involving the *pecuniary liability of employers to medical service providers.*" *Id.* (emphasis added). The *Pilot Travel* Court was presented with essentially the same facts at issue in this case. An employee of Pilot was injured while working

and was treated by ISG. Pilot made only a partial payment to ISG, and ISG filed an application to the Board seeking the balance owed. The Board determined that ISG's application was barred by Section 27.

On appeal, the *Pilot Travel* Court recognized that the Act contains two statutes of limitation and determined that neither barred ISG's application. *Id.* at 437–38. The Court reasoned that Section 27 was inapplicable based on its plain language, inasmuch as there "were no changed conditions requiring a modification of the award of worker's compensation benefits." *Id.* at 438. Rather, the "issue presented by the Application is the amount of ISG's bills that Pilot must pay (in other words, the pecuniary liability of the employer), not whether the bills must be paid at all." *Id.* In other words, the *Pilot Travel* Court distinguished between the terms "compensation" and "pecuniary liability" rather than use them interchangeably.

Perhaps most compelling, the *Pilot Travel* Court determined that the application of Section 27 in "this context could lead to absurd results." *Id.* Specifically, Indiana Code section 22–3–3–4(c) provides through the entire two-year statutory period in Section 27, an employee could receive medical services. And if Section 27 were applied to medical services received towards the end of that period,

> the medical service provided would then have little or no time to enforce its right to payment for said services. The Legislature could not have intended such a result, one that would leave medical service providers little incentive to treat injured workers under the Act once an employee's PPI has been established. *Pilot Travel,* 931 N.E.2d at 438. The *Pilot Travel* Court also noted that tying a medical service provider's ability to seek full payment under the Act to the last date

that the employee received compensation lacked "wisdom," inasmuch as the provider does not generally have ready access to the dates of compensation to the employee. *Id.* at 439.

Similarly, a different panel of this Court very recently determined that Section 3 does not apply to a medical service provider seeking pecuniary liability from an employer. *Ind. Spine Grp., P.C. v. Intl. Entm't Consultants,* 940 N.E.2d 380, 380–81 (Ind.Ct.App.2011). In *Entertainment Consultants,* an employee was injured while working for Consultants and received treatment from ISG. Consultants's insurer, however, only tendered a partial payment to ISG.

ISG filed an application seeking full payment, and the Board determined ISG's claim was barred by the two-year statute of limitation in Section 3, reasoning that a medical service provider's fee is derivative of the underlying injury claim.

On appeal, Consultants argued that under *Colburn v. Kessler's Team Sports,* 850 N.E.2d 1001 (Ind.Ct.App.2006), medical services are included in the term "compensation" as used in Section 3. In *Colburn,* a panel of this Court determined that Section 3 does apply to an employee's claim for medical services in addition to other compensation. *Colburn,* 850 N.E.2d at 1005–06.

The *Entertainment Consultants* Court determined that *Colburn* was inapposite because a medical service provider does not receive "compensation." 940 N.E.2d at 382–83. Rather, the "Act refers to an employer's liability to a medical provider as 'pecuniary liability.'" 940 N.E.2d at 382; *see also* I.C. § 22–3–6–1(j) (defining "[p]ecuniary liability" as "the responsibility of an employer or the employer's insurance carrier for the payment of the charges for each specific service or prod-

uct for human medical treatment under IC 22–3–2 through IC 22–3–6"). The Court reasoned that this conclusion is consistent with *Swift v. State Farm Insurance Co.,* 819 N.E.2d 389, 392 (Ind.Ct.App.2004), where we held that compensation is the amount paid to an employee and that Section 3 does not apply to claims that are not seeking compensation. 940 N.E.2d at 382–83.

The *Entertainment Consultants* Court concluded that, as in the Section 27 context, treating the terms "compensation" and "pecuniary liability" as interchangeable would produce "illogical and unjust results." 940 N.E.2d at 383. The Court's reasoning was the same as that of the *Pilot Travel* Court, namely, that the Act "'specifically envisioned' that 'an employee could very well receive medical services up to the end of the two-year statutory period.' In such a case, 'the medical service provider would then have little or no time to enforce its right to payment for said services.'" 940 N.E.2d at 383 (quoting *Pilot Travel,* 931 N.E.2d at 438).

■ In this case, as in *Pilot Travel* and *Entertainment Consultants,* we "'fail to see the wisdom of tying a medical service provider's ability to seek full payment due under the Act' to a date that has no significance to the medical service provider's claim." 940 N.E.2d at 383 (quoting *Pilot Travel,* 931 N.E.2d at 439). To be sure, applying Section 3 or Section 27 to medical providers' ability to seek full payment will almost certainly deter them from treating injured workers. And as our Supreme Court has stated, "'[t]he [Act] is a humane enactment designed and intended for the protection of workmen who come within its provisions....'" *Christopher R. Brown, D.D.S., Inc.,* 892 N.E.2d at 649 (quoting *McGill Mfg. Co. v. Dodd,* 116 Ind.App. 66, 59 N.E.2d 899, 901 (1945)). In the absence of express language to the contrary, we

decline to attribute to the Legislature a meaning that would bring such negative consequences to the very people whom the Act was intended to protect. Consequently, neither Section 3 nor Section 27 bars ISG's Application.

### III.   Civil Code Statute of Limitations

■ ISG maintains that because the Act is silent as to the appropriate statute of limitation, we should look to Indiana Code section 34–11–1–2, which provides a "cause of action that ... is not limited by any other statute; must be brought within ten (10) years." Handleman counters that a civil statute of limitation cannot apply to an administrative proceeding, inasmuch as the Board lacks the authority to extend the statutes of limitation under the Act and that the Board is not bound by anything in the civil code.

In *Danielson v. Pratt Industries, Inc.,* we stated that "nowhere ... is the Board delegated authority to increase the two year time limitation for filing claims found in [Section 3]." 846 N.E.2d 244, 247 n. 2 (Ind.Ct.App.2006). However, we have already concluded that Section 3 does not apply here. Accordingly, the Board is not increasing the two-year time limitation found in Section 3.

■ Furthermore, although it is well established that the Board "is not bound by anything in our civil code or the common law," *Wawrinchak v. United States Steel Corp., Gary Works,* 148 Ind.App. 444, 448–49, 267 N.E.2d 395, 398 (1971), Handleman fails to cite any authority that the Board is prohibited from considering general principles of civil law when the Act fails to provide the answer. We agree with the *Entertainment Consultants* Court that "[p]resumably, the legislature enacted the general statutes of limitation for the very purpose of supplying a statute of limitation when one has not otherwise been provided

by a more specific statutory scheme." 940 N.E.2d at 383–84 n. 1.

Here, ISG's claim would be timely under Indiana Code section 34–11–1–2, and no argument has been made that any other statute of limitation should be applied. Consequently, we conclude that the Board erred by dismissing ISG's Application, and we reverse and remand for further proceedings.

Reversed and remanded.

VAIDIK, J., and BARNES, J., concur.