ATTORNEYS FOR APPELLANT
Frederick D. Emhardt
Shelley M. Jackson
Colin E. Connor
Plews Shadley Racher and Braun, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Robert J. Doyle
Lisa M. Dillon
Due Doyle Fanning & Metzger, LLP
Indianapolis, Indiana

ATTORNEYS FOR AMICUS CURIAE
INDIANA STATE MEDICAL ASSOCIATION
Libby Y. Goodnight
Krieg DeVault, LLP
Indianapolis, Indiana

ATTORNEYS FOR AMICUS CURIAE
INSURANCE INSTITUTE OF INDIANA
Libby Valos Moss
Mark D. Gerth
Kightlinger & Gray, LLP
Indianapolis, Indiana



FILED
Nov 17 2011, 10:26 am

CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 93S02-1102-EX-90

INDIANA SPINE GROUP, PC,

*Appellant (Plaintiff below),*

v.

PILOT TRAVEL CENTERS, LLC,

*Appellee (Defendant below).*

Appeal from the Full Worker's Compensation Board of Indiana, No. P-199588
The Honorable Linda P. Hamilton, Chairman

On Petition To Transfer from the Indiana Court of Appeals, No. 93A02-1003-EX-315

**November 17, 2011**

**Rucker, Justice.**

In this case we conclude that the Worker's Compensation Act is silent on the question of the limitation period applicable to a medical provider's claim seeking payment of outstanding bills for authorized treatment to an employer's employee. We thus hold that the limitation period contained in the general statute of limitation controls.

## General Background

Indiana Spine Group, PC is an Indianapolis-based domestic professional corporation that specializes in treating spine disorders. It is made up of three surgeons, four anesthesiologists, and a number of physical therapists and assistants who aid in treatment. In a series of cases Indiana Spine Group provided medical services to employees of various businesses for injuries the employees sustained arising out of and during the course of their employment. The employers authorized the services and made partial payments. In each case, more than two years after the last payments were made to the injured employee, Indiana Spine Group filed with the Worker's Compensation Board an application for adjustment of claim seeking the balance of payments. The Board dismissed the applications as untimely. In each case the Court of Appeals reversed the Board's decision and remanded the cause for further proceedings.[1] Employers seek transfer. Because each case involves common issues of both law and fact, we address the specifics of this case only.

## Facts and Procedural History

On August 23, 2003, while employed by Pilot Travel Centers, LLC ("Pilot"), Anthony Wetnight sustained a work-related injury. Pilot paid Wetnight permanent partial impairment benefits through August 27, 2006. Pilot also authorized Wetnight to receive medical treatment from Indiana Spine Group ("ISG") in July and October of 2004. Thereafter ISG billed Pilot $38,556.00 for the two services. Pilot paid ISG partial payments on October 22 and 29, 2004

---

[1] See e.g., Ind. Spine Grp., PC v. Hardigg Indus., No. 93A02-1008-EX-933 (Ind. Ct. App. Mar. 2, 2011); Ind. Spine Grp., PC v. Handleman Co., 944 N.E.2d 497 (Ind. Ct. App. 2011); Ind. Spine Grp., PC v. Int'l Entm't Consultants, 940 N.E.2d 380 (Ind. Ct. App. 2011); Ind. Spine Grp., PC v. All Seasons Holdings, Inc., No. 93A02-1003-EX-316 (Ind. Ct. App. Aug. 10, 2010); Ind. Spine Grp., PC v. Scenic Hills Care Ctr., No. 93A02-1003-EX-313 (Ind. Ct. App. Aug. 10, 2010).

2

and December 10, 2004.  Pilot again made partial payments on February 21, 2008 and June 12, 2008, leaving an unpaid balance of $21,750.96.

On June 17, 2009, ISG sought payment for the remaining balance on its bill by filing an Application for Adjustment of Claim for Provider's Fee ("Application") with the Worker's Compensation Board ("Board").  Pilot responded with a motion to dismiss on grounds that the claim was filed outside the statute of limitation set forth in Indiana Code section 22-3-3-27. Specifically, Pilot argued ISG was required to file its Application within two years after the date Pilot last paid Wetnight compensation – by August 27, 2008.

A single Board member granted Pilot's motion and dismissed ISG's Application.  After a hearing, the full Board affirmed on grounds that the Application was time barred.  ISG appealed and the Court of Appeals reversed, holding that neither Indiana Code section 22-3-3-27 nor a second statute of limitation in the Worker's Compensation Act applied to ISG's Application. See Ind. Spine Grp., PC v. Pilot Travel Ctrs., LLC, 931 N.E.2d 435 (Ind. Ct. App. 2011).  Pilot sought transfer.  Having previously granted transfer, thereby vacating the opinion of the Court of Appeals, see Ind. Appellate Rule 58(A), we now reverse the decision of the Board.[2]

## Standard of Review

In reviewing a worker's compensation decision, an appellate court is bound by the factual determinations of the Board and may not disturb them unless the evidence is undisputed and leads inescapably to a contrary conclusion.  Christopher R. Brown, D.D.S., Inc. v. Decatur Cnty. Mem'l Hosp., 892 N.E.2d 642, 646 (Ind. 2008).  We examine the record only for any substantial evidence and reasonable inferences that can be drawn therefrom to support the Board's findings and conclusion.  Id.  To the extent the issue involves a conclusion of law based on undisputed facts, it is reviewed de novo.  Smith v. Champion Trucking Co., 925 N.E.2d 362, 364 (Ind. 2010).  Here, the Board's ruling rested largely on undisputed facts; therefore, the question is one of statutory interpretation to be reviewed de novo.  See id.

---

[2] Because of our disposition of the case before us, contemporaneous with this opinion, today we enter orders denying petitions to transfer pending in those cases identified in footnote 1.

3

## Discussion

### I.

### The Worker's Compensation Act

ISG contends that the Board erred in granting Pilot's motion to dismiss its Application on the basis of the statute of limitation because "[t]here is no limitation period in the Worker's Compensation Act for medical providers to recover balance billing owed for medical treatment partially reimbursed by worker's compensation insurers." Appellant's Br. at 7. Pilot counters that the two-year statutes of limitation contained in Indiana Code sections 22-3-3-3 and -27 apply and therefore the Board properly dismissed ISG's Application.

The Worker's Compensation Act sets forth two statutes of limitation. The first, Indiana Code section 22-3-3-3, provides in relevant part:

> The right to compensation under IC 22-3-2 through IC 22-3-6 shall be forever barred unless within two (2) years after the occurrence of the accident, or if death results therefrom, within two (2) years after such death, a claim for compensation thereunder shall be filed with the worker's compensation board.

We read this statute as involving the initiation of a worker's compensation claim. That is to say, based on this section an injured employee must initiate a claim for Temporary Total Disability ("TTD") benefits, Partial Permanent Impairment ("PPI") benefits, and/or medical services within two years of the work-related accident. There is no dispute that Wetnight timely sought benefits under the Act or that he presented a compensable injury claim. Pilot insists, however, that because the term "compensation" includes medical services in addition to TTD and PPI benefits, see Colburn v. Kessler's Team Sports, 850 N.E.2d 1001, 1005-06 (Ind. Ct. App. 2006), the foregoing statute applies to ISG's claim. We disagree. By the plain reading of the statute "compensation" refers to employee benefits, not payment to heath care providers. Nor do we agree with ISG's contention that Pilot should be denied recovery on grounds that its claim is derivative of Wetnight's claim. It is certainly true that in order for a health care provider to successfully prove a right to reimbursement under the Act, it must prove that an underlying compensable claim exists, which is necessarily dependent on the existence of an employee's

4

claim. See Danielson v. Pratt Indus., Inc., 846 N.E.2d 244, 247 (Ind. Ct. App. 2006). But nothing in the Act indicates that the time limitation on a health care provider's claim for unpaid bills is connected to the time limitation on an employee's claim for compensation. In sum, we conclude that Indiana Code section 22-3-3-3 does not bar ISG's claim.

We now turn to Indiana Code section 22-3-3-27 which provides in pertinent part:

> (a) The power and jurisdiction of the worker's compensation board over each case shall be continuing and from time to time it may, upon its own motion or upon the application of either party, on account of a change in conditions, make such modification or change in the award ending, lessening, continuing, or extending the payments previously awarded . . . as it may deem just . . . .
>
> (b) Upon making any such change, the board shall immediately send to each of the parties a copy of the modified award. No such modification shall affect the previous award as to any money paid thereunder.
>
> (c) The board shall not make any such modification upon its own motion nor shall any application therefor be filed by either party after the expiration of two (2) years from the last day for which compensation was paid . . . .

By its plain language this section establishes a two-year statute of limitation for "modification" of an award due to a "change in conditions" and this two-year period begins to run on the last day for which compensation (that is TTD or PPI benefits) is paid to an injured employee. Here however there are no changed conditions requiring a modification of the award of worker's compensation benefits to Wetnight. The medical care that ISG provided to Wetnight was authorized by Pilot. The issue presented in ISG's Application is the pecuniary liability of ISG and not whether the bills must be paid at all. Therefore, the two year statute of limitation contained in Indiana Code section 22-3-3-27 does not apply either.[3]

---

[3] On May 10, 2011, Senate Bill 576 was signed into law. This bill amended Indiana Code section 22-3-3-5(d), and provides greater guidance on the issues now before us. The amended statute provides in relevant part:

> All claims by a health care provider for payment for services are against the employer and the employer's insurance carrier, if any, and must be made with the board under IC 22-3-2 through IC 22-3-6. After June 30,

Further, we agree with the observations from the Court of Appeals that the application of section 22-3-3-27 in "this context could lead to absurd results." Pilot Travel, 931 N.E.2d at 438. Specifically, Indiana Code section 22-3-3-4(c) provides that through the entire two-year statutory period in section 27, an employee could receive medical services. And if section 27 were applied to medical services received toward the end of that period, "the medical service provider would then have little or no time to enforce its right to payment for said services. The Legislature could not have intended such a result, one that would leave medical service providers little incentive to treat injured workers under the Act once an employee's PPI has been established." Pilot Travel, 931 N.E.2d at 438.

## II.

### Statute of Limitation Applicable to Civil Action

ISG contends that because the Act provides no express limitation period governing a provider's Application to recover pecuniary liability, the general statute of limitation enumerated in Indiana Code section 34-11-1-2 should apply instead. That statute provides in part "A cause of action that . . . is not limited by any other statute[,] must be brought within ten (10) years." Ind. Code § 34-11-1-2. Pilot counters that a statute of limitation applicable to civil actions brought in a judicial proceeding is inapplicable to an administrative proceeding, and "[t]herefore, the Board does not have jurisdiction to interpret and apply [Indiana Code section 34-11-1-2] to provider fee claims." Br. of Appellee at 9. It is true that the Court of Appeals has said, "The Industrial Board of Indiana makes its own rules of procedure and is not bound by anything in our civil code or the common law." Wawrinchak v. U.S. Steel Corp., Gary Works, 267 N.E.2d 395,

---

2011, a health care provider must file an application for adjustment of a claim for a health care provider's fee with the board not later than two (2) years after the receipt of an initial written communication from the employer, the employer's insurance carrier, if any, or an agent acting on behalf of the employer after the health care provider submits a bill for services.

Ind. Code § 22-3-3-5(d). However this amendment does not affect our analysis because "[t]he statute of limitation in effect at the time a lawsuit is commenced governs the action regardless of whether it lengthens or shortens the time allowed for bringing suit." State v. Hensley, 661 N.E.2d 1246, 1249 (Ind. Ct. App. 1996).

6

398 (Ind. Ct. App. 1971). However, not being bound by the statute of limitation applicable to civil actions is quite a different proposition than being prohibited from relying on the statute where the Act itself is silent on the issue. Indeed the counter proposition is that no limitation period of any kind is applicable to provider claims.[4] This is an untenable position. Rather, we agree that "the legislature enacted the general statutes of limitation for the very purpose of supplying a statute of limitation when one has not otherwise been provided by a more specific statutory scheme." Int'l Entm't, 940 N.E.2d at 383-84.

Wetnight was injured in August 2003 and received treatment from ISG in July and October 2004. ISG billed Pilot in July and October 2004. Pilot made partial payments on the bills in 2004 and 2008. ISG filed its Application for the outstanding balance in June 2009. In total, six years passed between the date of Wetnight's injury and the date upon which ISG filed its Application. Without deciding precisely when the ten-year statute of limitation began running against ISG, we hold that in this instance ISG timely filed its Application before the Board.

## Conclusion

Because ISG's claim is timely under Indiana Code section 34-11-1-2, we conclude that the Board erred by dismissing ISG's application. We therefore reverse the Board's decision and remand this cause for further proceedings consistent with this opinion.

Shepard, C.J., and Dickson, Sullivan and David, JJ., concur.

---

[4] This is the view apparently advanced by Amicus Indiana State Medical Association: "[t]he [Worker's Compensation] Act has never had a statute of limitations for provider fee claims." Amicus Br. at 4.