FILED

May 15 2023, 9:34 am

C L E R K
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Tyson P. Schroeder
Klezmer Maudlin P.C.
Jeffersonville, Indiana

ATTORNEY FOR APPELLEE

Lyn Douglas Powers
Fulton, Devlin & Powers, LLC
Louisville, Kentucky

IN THE
# COURT OF APPEALS OF INDIANA

Richard Sharp,

*Appellant-Defendant,*

v.

Armstrong Relocation,

*Appellee-Plaintiff*

May 15, 2023

Court of Appeals Case No.
22A-EX-2865

Appeal from the Indiana Worker's
Compensation Board

The Honorable
Linda Hamilton, Chair

Application No.
C-253209

**Opinion by Judge Vaidik**
Judges Tavitas and Foley concur.

**Vaidik, Judge.**

# Case Summary

Richard Sharp was an Indiana resident working for a Kentucky company when he was injured in a car accident in Indiana while on the job. Thereafter, Sharp received medical benefits and total disability benefits through Kentucky's worker's compensation system. Sharp later filed a worker's compensation claim in Indiana, which was dismissed because it wasn't filed within two years of the accident as required by the Indiana Worker's Compensation Act. We agree that Sharp's claim wasn't timely filed and therefore affirm.

# Facts and Procedural History

In December 2018, Sharp lived in Indiana. He worked for Armstrong Relocation, which is in Louisville, Kentucky, but also does business in Indiana. On December 5, Sharp was in a car accident in Indiana while working for Armstrong Relocation. Armstrong Relocation reported the accident to the Kentucky Department of Workers' Claims by submitting a First Report of Injury. Thereafter, Sharp received medical benefits and "total disability benefits at the rate of $614.99 per week." Appellant's App. Vol. II p. 77.

On June 17, 2021, Sharp, who was still receiving total disability benefits in Kentucky, filed an Application for Adjustment of Claim with the Indiana

Worker's Compensation Board ("the Board").[1] *Id.* at 12. Armstrong Relocation moved to dismiss the claim because it wasn't filed within two years of the accident as required by the Indiana Worker's Compensation Act. In August 2022, a single hearing member dismissed the claim because it wasn't timely filed:

> Plaintiff's right to seek worker's compensation benefits under Indiana law was not precluded by recognition, administration, and payment of his claim under Kentucky law. However, his entitlement to benefits under Indiana law required his timely action under the provisions of Indiana Code § 22-3-3-3. The factors cited by Plaintiff (his residence, the employment contract, the accident location) may have favored asserting Indiana jurisdiction. However, those factors were not timely or appropriately pled to this Board.

*Id.* at 10. Sharp appealed to the full Board, which adopted and affirmed the single hearing member's decision.

[4] Sharp now appeals.

## Discussion and Decision

[5] Sharp contends the Board erred in granting Armstrong Relocation's motion to dismiss his claim on the ground that it wasn't timely filed. This presents an

---

[1] According to Sharp, he filed the Indiana claim because he is "limited to 208 weeks of benefits under Kentucky law but entitled to 500 weeks of benefits under Indiana law." Appellant's Br. p. 6.

issue of law, which we review de novo. *Swift v. State Farm Ins. Co.*, 819 N.E.2d 389, 391-92 (Ind. Ct. App. 2004).

[6] Indiana Code section 22-3-3-3 provides that a worker's compensation claim must be filed within two years of an accident:

> (a) The right to compensation under IC 22-3-2 through IC 22-3-6 shall be forever barred unless **within two (2) years after the occurrence of the accident**, or if death results therefrom, within two (2) years after such death, **a claim for compensation thereunder shall be filed with the worker's compensation board.**

(Emphases added).[2] Section 22-3-3-3 is a non-claim statute. *Gilley's Antique Mall v. Sarver*, 157 N.E.3d 549, 553 (Ind. Ct. App. 2020), *reh'g denied*, *trans. denied*. A non-claim statute "is self-executing and imposes a condition precedent to the enforcement of a right of action." *Blackford v. Welborn Clinic*, 172 N.E.3d 1219, 1225 (Ind. 2021) (quotation omitted). "So, unless a party files a claim within the prescribed time, no enforceable right of action is created." *Id.* (quotation omitted).

---

[2] Effective July 1, 2022—one year after Sharp filed his Application for Adjustment of Claim in Indiana—Section 22-3-3-3 was amended to include the following subsection:

> (b) If, after the occurrence of an accident, compensation is paid for:
>
>   (1) temporary total disability under section 7 of this chapter; or
>
>   (2) temporary partial disability under section 9 of this chapter;
>
> then the two (2) year limitation period to file an application for adjustment of claim begins to run on the last date for which the compensation under subdivision (1) or (2) was paid.

*See* P.L. 160-2022, § 1. The parties do not address this amendment or argue that it applies here.

[7]     Under Section 22-3-3-3, "an injured employee must initiate a claim for Temporary Total Disability ('TTD') benefits, Partial Permanent Impairment ('PPI') benefits, and/or medical services within two years of the work-related accident." *Ind. Spine Grp.*, *PC v. Pilot Travel Ctrs., LLC*, 959 N.E.2d 789, 792 (Ind. 2011). Sharp doesn't dispute that he didn't file his claim within two years of the December 5, 2018 accident. Rather, he argues that he timely filed his claim under another statute, Indiana Code section 22-3-3-27:

> (a) **The power and jurisdiction of the worker's compensation board over each case shall be continuing and from time to time it may, upon its own motion or upon the application of either party, on account of a change in conditions, make such modification or change in the award** ending, lessening, continuing, or extending the payments previously awarded, either by agreement or upon hearing, as it may deem just, subject to the maximum and minimum provided for in IC 22-3-2 through IC 22-3-6.

> (b) Upon making any such change, the board shall immediately send to each of the parties a copy of the modified award. No such modification shall affect the previous award as to any money paid thereunder.

> (c) **The board shall not make any such modification upon its own motion nor shall any application therefor be filed by either party after the expiration of two (2) years from the last day for which compensation was paid.** The board may at any time correct any clerical error in any finding or award.

(Emphases added). Section 22-3-3-27 provides that the Board may modify an award due to a change in conditions provided that the modification occurs

within two years of the last day for which "compensation (that is TTD or PPI benefits) is paid to an injured employee." *Ind. Spine Grp.*, 959 N.E.2d at 793.

[8] Sharp asserts that he timely filed his claim under Section 22-3-3-27 because he "was still receiving indemnity benefits when he filed his Application for Adjustment of Claim" with the Board in June 2021. Appellant's Br. p. 5. But Sharp was receiving indemnity benefits in Kentucky, not Indiana. Section 22-3-3-27(a) provides that the Board may "make such modification or change in the award ending, lessening, continuing, or extending the payments **previously** awarded . . . subject to the maximum and minimum" set forth in the Indiana Worker's Compensation Act. (Emphasis added). When Sharp filed his Indiana claim, there was no existing award in Indiana to be modified. Sharp cites no authority for the proposition that the Board has the authority to enter a modification order in relation to worker's compensation benefits received from another state. Because Sharp didn't have an existing award in Indiana when he filed his claim with the Board in June 2021, Section 22-3-3-27 doesn't make his claim timely. The Board properly dismissed Sharp's claim because it wasn't filed within two years of the accident as required by Section 22-3-3-3.

[9] Sharp argues that we should find that his claim is timely because he was "gravely injured" and had to move in with his son in North Carolina to be taken care of. Appellant's Br. p. 12. But as our Supreme Court has explained, non-claim statutes, like Section 22-3-3-3, "generally are not subject to equitable exceptions." *Blackford*, 172 N.E.3d at 1225 (quotation omitted). Sharp also argues that he shouldn't be forced into a neighboring state's worker's

compensation system just because his employer chose to file the First Report of Injury in Kentucky instead of Indiana. But as the single hearing member found, nothing prevented Sharp from seeking worker's compensation benefits in Indiana. He just had to do so within two years of the accident. Any change in this scheme would have to come from our legislature.

[10] Affirmed.

Tavitas, J., and Foley, J., concur.